## EDGAR COLLIER v. STATE.

No. A-8559.   June 23, 1933.
(23 Pac. [2d] 393.)

442

H. A. Johnson, and J. F. Murray, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of possession of intoxicating liquor, and was sentenced to pay a fine of $250 and to serve 180 days in the county jail, and appeals.

The defendant has assigned and argued fifteen errors alleged to have been committed by the trial court. After a careful examination of the record, the only error deemed necessary to consider is that the court erred in overruling the defendant's motion to suppress the evidence.

The motion for a new trial and motion to suppress the evidence raises the question of the competency of the evidence introduced by the state, and challenges the sufficiency of the affidavit upon which the search warrant under which the officers searched the private residence of the defendant was issued.   If the affidavit for the search warrant is insufficient to predicate the search warrant upon, then all the testimony against the defendant was inadmis-

sible, and the motion of the defendant to suppress the evidence and his motion for a new trial should have been sustained.

Section 2639, Oklahoma Statutes 1931, is as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

Prior to calling the case for trial, the defendant moved to suppress the evidence on the ground that the search and seizure was unlawful, for the reason that the search warrant was based on an insufficient affidavit, which motion was overruled, and defendant excepted. When the case was being tried, the defendant objected to the evidence offered by the state on the ground that it was procured by an unlawful search and seizure, the officer not having a valid search warrant, which objection was by the court overruled, and defendant saved his exceptions.

It being admitted by the state that the residence searched was the residence of the defendant, it is necessary that the allegations in the affidavit should show that some part of the residence was used at the time as a store, or a shop, or hotel, or boarding house, or a place for storage, or a place of public resort. It is not necessary to set out the affidavit in full; it is only necessary to say that the attempt in the affidavit to charge a public resort falls far short of the necessary statutory requirement. The affidavit states a certain resort in, upon, and about a certain described tract of land. There is no statement in the affidavit that charges the residence of the defendant was a place of public resort at the time the affidavit was made. It names a certain public resort somewhere in, upon, or

near the lands described in the affidavit, but fails to state that the home of the defendant was a place of public resort.

The affidavit is insufficient to comply with section 2639, Okla. Stat. 1931. In Blackwell v. State, 54 Okla. Cr. 401, 22 Pac. (2d) 1041, this court, in construing an affidavit using the same language as contained in this affidavit, held, that the affidavit for the search warrant was insufficient to authorize the issuing of a search warrant to search defendant's home, citing Duncan v. State, 11 Okla. Cr. 217, 144 Pac. 629; McClure v. State, 31 Okla. Cr. 60, 237 Pac. 145; Loveless v. State, 43 Okla. Cr. 146, 277 Pac. 672.

This court has repeatedly held that evidence obtained by a search of a defendant's home under a search warrant issued without authority of law and a proper affidavit, for the sole purpose of obtaining evidence against the defendant, in violation of section 30 of the Bill of Rights, is inadmissible. The conviction of the defendant, having no competent evidence to support it without the use of the evidence unlawfully obtained, must be reversed. The judgment of the lower court is reversed, and the case remanded.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.