## ROY MAITLEN v. STATE.

No. A-8759.   Nov. 23, 1934.
Rehearing Denied Dec. 7, 1934.
(38 Pac. [2d] 964.)

Meacham, Meacham & Meacham, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (Hester Atherton Gifford, of counsel), for the State.

DAVENPORT, J.   The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor with the unlawful intent to sell the same to others, and sentenced to pay a fine of $100 and to be imprisoned in the county jail for 45 days.

The evidence on behalf of the state, in substance, shows that on the 27th day of May, 1933, Sheriff Simpson, of Custer county, procured a search warrant to search the

premises of this defendant, and Ed Phelps, a police officer, and Delmar Russell, a deputy sheriff, accompanied the sheriff to the hotel where the defendant occupied an apartment in the north end of the ground floor of a building known as the Lacy Hotel. The testimony shows there was an adjoining apartment on the south and a shed room joined on to the northeast corner of the Lacy Hotel which extended up to the first story of the hotel.

The sheriff testified in making the search they found two full pints and two parts of pints of whisky. This testimony is corroborated by the other officers accompanying the sheriff.

The testimony on behalf of the defendant is that the whisky found by the officers did not belong to the defendant, but had been brought into the apartment by his son, Chick Maitlen, and a couple of boys; that the wife of the defendant had taken the whisky from the boys and placed it under a dresser in their bedroom. The testimony shows the officers also found some cases of empty bottles. Chick Maitlen testified that the three cases of bottles were delivered to the Maitlen apartment for Frank Sturgis, who lived in the adjoining apartment, as the door to the Sturgis apartment was locked and no one was in the Sturgis apartment. This is in substance the testimony.

Several errors have been assigned and discussed by the defendant. The first question discussed by the defendant is that the court erred in overruling his motion to suppress the evidence on the ground that it was secured by an unlawful search and seizure. The description of the property to be searched is as follows:

"That portion of lots 20, 21, 22, 23 and 24 in block 26, original town of Clinton, Oklahoma, which is occupied by Roy Maitlen as a residence, being more particular-

ly described as follows, to wit: The northeast room and shed room adjoining thereto of the ground floor of the Lacy Hotel, and that said property above described is occupied by Roy Maitlen as a residence."

The defendant insists that the description in the affidavit and the search warrant as herein set out is insufficient to warrant the officers in searching his apartment, and especially that part of his apartment known as the bedroom, and in support of his contention he cites Blackwell v. State, 48 Okla. Cr. 156, 290 Pac. 352, and Collier v. State, 54 Okla. Cr. 441, 23 Pac. (2d) 393, and urges that the affidavit in this case is identical with the affidavit considered by the court in the Blackwell and Collier Cases, supra. In both of these cases the affidavit for the search warrant merely stated that there was a certain resort in, upon and about a certain described tract of land. There was no statement in the affidavit in either case that the residence of the defendant was a place of public resort. The affidavit mentioned a certain public resort somewhere in, upon, or near the lands described in the affidavit, but wholly failed to state the home of the defendant was a place of public resort.

In this case under consideration the affidavit is by no means a model, but describes all the grounds, outbuildings, and the Lacy Hotel, including in the description that part of the Lacy Hotel occupied by the defendant as his residence, and is not identical with the Blackwell and Collier Cases. It is regrettable that officers, when an affidavit for a search warrant is applied for, do not describe the property to be searched in clear and concise language and not include other properties not claimed to be in the possession of the parties to be searched as a part of his residence. In this case there are sufficient facts stated in the affidavit to justify the issuing of the search war-

rant, and the motion of the defendant to suppress was properly overruled.

It is next argued by the defendant that the whisky was not found in the place described in the affidavit and warrant, and that the right to search is limited to the place described in the warrant. The force of defendant's argument is that the whisky found by the officers was found in the bedroom of the defendant's residence and not in the northeast room of the Lacy Hotel as described in the warrant; defendant insisting that the place where the whisky was found was a separate and distinct room to the northeast corner room of the Lacy Hotel. With this contention we do not agree. It is perfectly apparent that the northeast room of the Lacy Hotel and the other descriptions in the affidavit are sufficient to include all of the divisions of the apartment occupied by the defendant.

It is next argued by the defendant that instruction No. 3 is erroneous and prejudicial to the rights of the defendant, and for that reason the case should be reversed, citing in support of his contention Walton v. State, 53 Okla. Cr. 24, 3 Pac. (2d) 212, 213. The Walton Case was reversed on the ground that the court did not go far enough in its instruction; this court, after quoting the instruction in Walton v. State, supra, in the last paragraph of its opinion stated:

"Even though an accused is proved to possess more than the prohibited quantity, it is not obligatory upon the jury to convict, but they must believe from all the evidence beyond a reasonable doubt that the accused is guilty, and the court by some apt language should so instruct the jury."

The court in this case in instruction No. 3 in definite and concise language explained to the jury what was meant by prima facie evidence, and stated:

"And in this connection you are instructed that if you find and believe from the evidence in this case beyond a reasonable doubt that the defendant Roy Maitlen had in his possession about three pints of whisky containing more than 3.2 alcohol measured by weight and capable of being used as a beverage, then you will consider that fact in connection with all the other facts and circumstances in arriving at your verdict."

The contention of the defendant as to instruction No. 3 is without merit. There are several other questions argued and discussed by the defendant, but, after a careful consideration, we find they do not possess sufficient merit to warrant a reversal.

In this case, the defendant, in an effort to avoid a conviction, introduced testimony of his son and another witness to show that the whisky found in his room belonged to his son and not to the defendant, and also that the cases containing the empty bottles were left there by some one, whose name was not given, to be delivered to a man by the name of Sturgis. This testimony is unbelievable, and a parent should not place his son on the stand and permit him to testify as the son did in this case even though the father may cherish the hope that the evidence may aid him in being acquitted.

The defendant was accorded a fair and impartial trial. The instructions of the court, considered in their entirety, correctly stated the law applicable to the facts in the case. The requested instructions of the defendant were properly refused by the court.

There being ample evidence in the case to support the verdict of the jury and the errors complained of being without merit, the case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.