# JACK FRANKLIN v. STATE.

No. A-9744.   Jan. 7, 1941.

(109 P. 2d 239.)

Glen O. Morris, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant, Jack Franklin, was by information charged on February 24, 1939, with the offense of unlawful possession of 15 pints of liquors and wines, was tried without a jury, convicted and sentenced to serve a term of 30 days in the county jail and pay a fine of $50 and costs, from which judgment and sentence defendant has appealed.

The information charges the defendant with unlawful possession of intoxicating liquor on February 18, 1939. The liquor introduced and identified by the state's witnesses was marked as having been received and stored on February 17, 1939. This liquor was received in evidence without objection by defendant. Such question raised for the first time on appeal cannot be considered by this court.

It was held in Ballew v. State, 55 Okla. Cr. 247, 28 P. 2d 993:

"Only those questions which were raised in the trial court and an adverse ruling thereon, exceptions taken, and then incorporated in a motion for new trial, and assigned as error in the petition in error, will be considered on appeal, except that jurisdictional questions may be raised at any step of the case."

In Beaubein v. State, 13 Okla. Cr. 440, 165 P. 213, this court stated:

"Where the record does not show that counsel for appellant objected or excepted to the admission of the evidence complained of, his assignment of error thereon is not reviewable, because not properly preserved."

The only assignments of error that require the consideration of this court are the questions as to whether the evidence of the state was legally obtained; and if so, is the evidence sufficient to support the judgment and sentence?

The testimony of Officer Kolb for the state is, in substance, that he went up to a car parked on the driveway of a filling station. One door of the car was standing open, and he could see through the open door several bottles of whisky, which were in a compartment behind the seat. The bottles were in a package that had been opened. He asked to whom the whisky belonged. The defendant answered that it was his whisky. The officer did not have a search warrant.

The defendant testified that the package of whisky had been opened, but that the remaining bottles had been rewrapped in the package. The bottles were not visible, and the package could not be seen from the outside of the car. The officer stuck his head in the car, asked whose whisky it was, and then unwrapped the package containing the whisky.

Under the testimony of Officer Kolb, the evidence of the whisky seized is admissible.

This court stated in Sands v. State, 36 Okla. Cr. 55, 252 P. 72:

"The mere looking into an automobile and there seeing intoxicating liquor, which is not concealed, and which requires no search to discover, is not an illegal search within the meaning of the law and Constitution making illegal a search without a valid search warrant."

It was held in Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544, 545:

"The constitutional provision against unreasonable searches and seizures does not preclude the making of a seizure without a warrant previously procured, of intoxicating liquor, where there is no need of a search for the liquor because the liquor is fully disclosed to the eye."

See, also, Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549.

Since there is a direct conflict in the testimony, it was the province of the trial court to decide the question of fact.

In the recent case of Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185, 186, it was held:

"Where a jury is waived and a case tried to the court, his finding as to the guilt of the defendant will not be reversed where there is any competent evidence in the record, together with the reasonable inferences and deductions to be drawn therefrom, supporting the court's finding."

Finding no error in the record, the case is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.