ELDON FRED HOLDER v. STATE.

No. A-10009.  Sept. 30, 1942.

(129 P. 2d 872.)

Glen O. Morris and Robert R. Rittenhouse, both of Oklahoma City, for plaintiff.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant.

BAREFOOT, P. J. Defendant, Eldon Fred Holder, was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor, to wit, 13 pints and 22 half pints and 168 pints and four quarts of tax-paid whisky, a jury was waived and he was tried before the court. He was found guilty and his punishment set at a fine of $50 and to serve 30 days in jail, and has appealed.

The record in this case reveals that the liquor in question was found in two different places. The 13 pints and 22 half pints were found in defendant's automobile in a public alley in Oklahoma City. Defendant was driving the car at the time and the officer testified that he ordered defendant to stop by reason of a traffic regulation; that when he went to the car he saw the liquor on the floor board of the car; that the dome lights of the car were burning and that he immediately arrested the defendant. The 168 pints and four quarts were found after a search of defendant's home. It is admitted that the officer did not have a search warrant at the time. It is the contention of defendant that by reason of this fact they did not have a right to search either the automobile or defendant's home, or private residence. As to

the right to the search of defendant's home, or private residence, it is unnecessary to decide in this case for the reason that under the evidence defendant was arrested for the commission of a misdemeanor in the presence of the officer. Where this arrest was lawful and not a subterfuge, the search was permissible under the many decisions of this court. Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549; Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366; Young v. State, 71 Okla. Cr. 112, 108 P. 2d 1028; Franklin v. State, 71 Okla. Cr. 115, 109 P. 2d 239. The defendant was tried before the court, without the intervention of a jury. He was only given a punishment of $50 fine and 30 days in jail.

We have carefully examined the record and come to the conclusion that his arrest was lawful and that the officer, upon seeing the liquor in the car, had the right to search defendant's automobile. Defendant admitted that it was his liquor. The question of intent was a question for the court to decide, a jury having been waived.

After a complete examination of the record, we are of the opinion that the judgment and sentence of the court of common pleas of Oklahoma county should be affirmed, and it is so ordered.

DOYLE and JONES, JJ., concur.