## SCOTT WORLEY v. STATE.

No. A-10194.   July 15, 1943.

(140 P. 2d 246.)

Paul & Paul, of Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J.  The defendant, Scott Worley, was charged in the county court of Garvin county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 60 days in the county jail and pay a fine of $100.

This cause was submitted for an opinion upon the record, with petition in error attached. Oral argument and the right to file a brief on behalf of defendant were waived.

The only issue presented by the record is whether the court erred in overruling the motion to suppress evidence.

The defendant, testifying in his own behalf on the motion to suppress, stated that he had stopped his automobile on the highway a few miles from Pauls Valley, with two wheels on the shoulder, but that the car was out of the line of traffic; that his lights were turned off; that he stopped for the purpose of taking a drink of whisky, and had been sitting there for about ten minutes when two highway patrolmen stopped, approached his car, and inquired about his taillight, and asked whether he needed any assistance; that one of the officers then claimed to have seen a bottle of whisky in his shirt and ordered defendant out of the car; that the officers then took him to Pauls Valley, where he was placed in jail; that no warrant of arrest or search warrant was ever served upon him.

Edwin Brown, highway patrolman, testified that on the night in question he and his associate officer, Patrolman Ruess, were driving toward Elmore City when they noticed a car parked on the highway, with headlights burning, but with no taillight; that they stopped to warn

the driver to have his taillight repaired, and offer him assistance if it was needed; that when they reached the car they saw the defendant was in an intoxicated condition; that he had part of a pint bottle of whisky in his shirt; that they arrested defendant, and upon searching his car found seven more pints of whisky.

It was then stipulated that the testimony of Patrolman R. J. Ruess would be identical with that of Patrolman Brown.

In Sims v. State, 73 Okla. Cr. 321, 121 P. 2d 317, it is held:

"Whether the search and seizure from an automobile on a public highway without a warrant is unreasonable within the meaning of the constitutional provisions forbidding unreasonable searches and seizures is to be determined as a judicial question in view of all the circumstances under which it was made. * * *

"Where an accused while operating an automobile on a public highway is arrested by highway patrolmen for a crime committed in their presence, the highway patrolmen may as an incident to such arrest search the automobile of the accused for contraband goods."

In Brown v. State, 74 Okla. Cr. 249, 125 P. 2d 234, this court said:

"Where highway patrolman stops automobile which was being operated in the nighttime on a public highway with only one headlight burning, approaches the automobile to issue a warning tag because of this illegal operation and sees a quantity of liquor in the car, which causes him to search the automobile and seize over 1100 pints of whisky, such search and seizure is not unlawful."

In Hammonds v. State, 73 Okla. Cr. 287, 120 P. 2d 376, it is stated:

"Peace officers have the right to arrest without a warrant all persons who are guilty of a violation of the criminal law in their presence.

"As an incident to such legal arrest the person of the offender may without a warrant be searched for contraband goods."

The patrolmen were justified in investigating defendant's car, as he was violating a law of this state. Section 10331, O.S. 1931, 47 O.S. 1941 § 131.

After stopping at defendant's car to inquire concerning the improper taillight and they saw defendant in an intoxicated condition, with a bottle of whisky sticking out of his shirt, the officers, under the authority of the above cases, had the right to arrest defendant and search his automobile for contraband whisky.

There is no error apparent in the record. The judgment of the county court of Garvin county is accordingly affirmed.

BAREFOOT, J., concurs. DOYLE, J., absent.