## ATKINS v. STATE.

No. A-11333.  April 25, 1951.

Rehearing Denied May 16, 1951.

(231 P. 2d 406.)

Frank Leslie, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.  The plaintiff in error Tommy Atkins, defendant below, was charged by information in the court of common pleas in Tulsa county, Oklahoma, with the offense of possession of intoxicating liquor. He was tried by a jury, convicted, and his punishment fixed at 90 days in the county jail, and to pay a fine of $250; judgment and sentence was entered accordingly, from which this appeal has been perfected.

The information alleged the offense to have been committed on August 25, 1949, that the defendant, in Tulsa county, on said date was found in possession of 8 one-half pints of Hill & Hill, 8 one-half pints of Seagrams 7 Crown, 1 pint of Seagrams 7 Crown, 4 one-half pints of I. W. Harper, 3 one-half pints of Ancient Age, and 6 one-half pints of Sunnybrook, all tax-paid whisky in violation of law.

The defendant's first contention is that the search and seizure was made without authority of law. This contention was advanced on the defendant's motion to suppress the evidence. In this connection it appears that on October 17, 1949, the defendant was in charge of the operation of the Alton Hotel, 108½ East 2nd Street, Tulsa, Oklahoma. A search warrant covering said premises was procured by Roy Rains, deputy sheriff. The search warrant was introduced in evidence by the defendant on the hearing of the motion to suppress. The pertinent portion of the search warrant is in words and figures as follows, to wit:

" * * * That said liquors are being disposed of and kept by one Tommy Atkins and John Doe whose more full and correct name is to affiant unknown in the manner aforesaid, on the following described premises situated in Tulsa county, Oklahoma, within said county and State to wit:

"The lobby, halls, stairs, linen closets, public bathrooms, public toilets, storage rooms and storage compartments, used and occupied and controlled by the management of the Alton Hotel in the conduct of its Hotel business, same being the top two floors of a three story brick building designated by street address as 108½ East Second Street, a street in the City of Tulsa, Tulsa County, Oklahoma, together with the curtilage thereof and the appurtenances thereunto belonging. That said building and premises are being used as a place of public resort and for the furnishing and storage of intoxicating liquor."

The defendant contends that under the terms and conditions of the search warrant it called for a search of each and every room in the hotel. To the contrary, such is not the case for by its very terms the search is limited to "the lobby, halls, stairs, linen closets, public bathrooms, public toilets, storage rooms and storage compartments, used and occupied and controlled by the management of the Alton Hotel in the conduct of its Hotel business". The search being limited solely to these rooms of the Alton Hotel and its operations, and not extending to any rooms of its patrons, certainly the warrant did not constitute a blanket warrant. Maitlen v. State, 56 Okla. Cr. 301, 38 P. 2d 964. The Maitlen case in the controlling aspects was similar to the case at bar. Therein the description in general terms described the Lacy Hotel but limited the search to that portion which was used by Maitlen as his residence. Here the limitation is to the facilities used only by the Alton Hotel in its essential operations, such as storage rooms, etc., as distinguished from the rooms of its patrons. Here there could be no doubt about what was authorized to be searched, and therefore the warrant did not constitute a blanket search warrant. McCarthy v. State, 91 Okla. Cr. 294, 218 P. 2d 397. The uncontradicted evidence conclusively shows the room searched was used exclusively as a storage room for defendant Atkins' whisky. The search was therefore not invalid because of the description in the warrant. It met the requirements of Title 37, § 87, O. S. A. 1941, as to definiteness of description.

Moreover, the evidence on the motion to suppress discloses that Roy Bradshaw, deputy sheriff of Tulsa county, testified to the effect that about 2:30 on the afternoon of August 25, 1949, he proceeded to the Alton Hotel ahead of deputy sheriff Roy Rains who had the search warrant. He testified that when he arrived at the hotel defendant Tommy Atkins was in charge. He testified as to what took place thereafter as follows, to wit:

"A. * * * I went up stairs and asked him if he was Tommy Atkins, and he said that he was, and then I asked him for a pint of Seagrams, asked him if he had it, and he said 'yes' and then he then went through this door screen door there in the hall, and he walked down the hall, quite a ways south, and I observed the room that he went into, and he was in there just a few minutes, and he was back with a pint of Seagrams, and he wiped it off and asked me if I wanted it in a sack and I said 'yes' and he put it in a sack. * * * And by the time he had it in the sack Mr. Rains came up and served him with the search warrant, and put him under arrest, and I told Roy where he got this whiskey, and we walked down and found this whiskey in a sort of an old cabinet sort of effect, sort of that kind of thing. * * Yes, it was on the second room down the hall away, after you go up there and then after you go through a screen door there, there is a door down the hall, the second door and it was in that room that the whiskey was found."

Roy Rains testified in the same regard as follows, to wit:

"Q. And Mr. Bradshaw in the presence of the defendant informed you where the whiskey had come from? A. Yes, sir. Q. Where did you tell me this room designated was located? A. The second room in the right. Q. And acting on that information did you and Mr. Brashaw search that room? A. Yes sir. * * * Q. And some other furniture in that room? A. Oh it seems like there was something, because there was some used stuff and a desk or a cabinet, and something was back in on the other side, the southwest corner of the room there was some old pieces in there of some kind, but it was not used as a bed room, or as a living room, it was dusty and dirty. And this was found in that old cabinet."

In face of the foregoing evidence, even if the search warrant had been ever so invalid, the officers were authorized under the law to make the arrest of the defendant and conduct the incidental search and seizure. An offense was committed in their presence which rendered the possession of a search warrant unnecessary and justified the arrest and incidental search for it has been repeatedly held that, where an officer sees a person violating the prohibitory liquor law at a place where the officer has a right to be, the officer may without a warrant arrest the person and search him and the immediate possessions for intoxicating liquor. Farmer v. State, 86 Okla. 308, 192 P. 2d 716. Hence the contention of the defendant on the motion to suppress is without merit.

Next, the defendant complains the state made an issue of his reputation, when Officer Roy Rains in response to a question seeking to establish the defendant's connection with the Alton Hotel responded thereto, "he is the whiskey man there, if you want the truth". Of course, an experienced officer such as Mr. Rains knew that such evidence was improper and highly prejudicial to the defendant. It injected the issue of the defendant's reputation into the state's evidence in chief, when the defendant had not made an issue thereof. Such has been held to constitute grounds for reversal. Edwards v. State, 90 Okla. Cr. 211, 212 P. 2d 150; Duncan v. State, 89 Okla. Cr. 325, 207 P. 2d 324; Harris v. State, 88 Okla. Cr. 422, 204 P. 2d 305, 8 A. L. R. 2d 1006. See, also, Kutz v. State, 69 Okla. Cr. 210, 101 P. 2d 268, involving a voluntary prejudicial statement of a peace officer, as well as Edwards v. State, 85 Okla. Cr. 125, 186 P. 2d 333, and Smart v. State, 27 Okla. Cr. 433, 228 P. 611, wherein the officer in the state's case in chief identified the defendant as a bootlegger. These and numerous other cases have condemned such practice on the part of peace officers, and in many instances have held such to constitute grounds for reversal of the case. Herein, however, the defendant objected to Officer Rains' statement and the court sustained the objection admonishing the jury to disregard the remark. However, we are aware that under such conditions the evil effects of such a statement could not altogether be removed from the jury's mind by such procedure. Nevertheless, it did not go to the defendant's guilt in

this instance for that had already been completely and fully established in the minds of the jury when this occurred. It could only prejudice the defendant as to the penalty inflicted. It may have provoked the jury to give him a greater penalty than otherwise. We do not believe that under the record even this is true but to give the defendant the benefit of the doubt we will reduce the punishment from $250 fine and 90 days in jail to $250 fine and 30 days in jail, and the judgment and sentence as so modified is accordingly affirmed.

JONES and POWELL, JJ., concur.