## PATY v. STATE.

No. A-11870. July 8, 1953.

(259 P. 2d 330.)

112

Paul & McPheron, Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., R. H. Mills, County Atty, Bryan County, Durant, for defendant in error.

POWELL, P. J.  The plaintiff in error was found guilty by a jury in the county court of Bryan county of the offense of transportation of intoxicating liquor and assessed a fine of $50, and to be incarcerated in the county jail for thirty days.

The grounds for reversal include the action of the trial court in overruling defendant's motion to suppress the evidence on the basis of an unlawful search and seizure in violation of the constitutional rights of appellant.  Art. II, § 30, Okla. Const.

The facts developed by the defendant on hearing of the motion to suppress came about from the testimony of Dean Roberson, the highway patrolman making the arrest, and the defendant, Haskell Leon Paty.

Roberson testified that about 7:30 p. m. on March 18, 1952 he noticed a car at Ninth and Arkansas streets, in Durant; that at the time he was in his patrol car and travelling south on Ninth street just north of Arkansas; that the defendant, Paty, drove his car on to Ninth street and started south ahead of witness, and then turned to the left at the next block without making a signal, so that witness commenced following defendant with view of giving him a warning ticket; that defendant turned north on Fifth street and witness turned his red light on him and he started running away at about 35 or 40 miles per hour; that witness caught up with him at Main street when he slowed down as if to stop at the red light; that defendant ran the light and witness turned his siren on; that he finally apprehended defendant at Market Square when defendant turned down an alley and the alley was blocked by a feed truck crossways of the alley. Witness stated that defendant tried to get away again and witness drew his pistol and made defendant get out of his car and placed him under arrest for reckless driving, and put him in the patrol car. .Witness then stepped over to remove defendant's keys from the car and at that time for the first time discovered bottles of whiskey wrapped in brown paper on the floor board of the car; that he then asked defendant if the key would unlock the back, and defendant stated that the back was not locked and witness lifted the lid and found the back loaded with whiskey.  He summoned other officers who drove the car to the court house and helped unload it at the sheriff's office.  Witness further testified that Ninth street was also a part of U. S. Highways 69 and 75.

The defendant Paty testified that as he turned into Ninth street from Arkansas he saw the highway patrolman in the mirror of his car and that witness was driving only 15 or 20 miles per hour and that at the next block south he gave the signal for a lefthand turn but noted the officer following him; that as they approached the police station the officer blew his horn real loud and as defendant got to Main street the light changed from green to red but he turned

to the right and drove to Fourth street and a car was coming and he had to wait a second before turning to the left and at that time the officer opened up his siren and witness does not remember whether he ran the red light or not.

Defendant was interrogated further as follows:

"Q. What did he [the officer] say to you when he stopped you down here on the market square? A. I got out and was walking back to him. He had his gun out doing something to it. He put me in the patrol car and he went up to my car.

"Q. Did he say anything to you before he went up to your car? Did he say anything about anybody could tell it was loaded? A. Not at that time. He put me in the car and he put in a call to the city police and while he was getting them he said, 'How many cases you got in the back?' and I said, '8 cases'. He called and got out and opened the back end then we started to the court house. He said, 'Where's your overloads?' I said, 'they're in the back of the car'. He said, 'You should have had them on, anybody can tell that car is loaded.'

"Q. Did he tell you what you were being arrested for? A. No, not until he got me up here."

On cross-examination defendant admitted that he tried to elude the officer, but claimed that he had not violated the traffic rules when the officer first commenced to try to stop him.

Thus the question was presented as to whether the search of the defendant's car was legal. It would be legal without question if as an incident to a legal arrest the officer approached the car as he had a legal right to do, and placed the defendant under arrest for a misdemeanor committed in his presence and in the process of arresting defendant observed intoxicating liquor in the seat of the car. Blair v. State, 75 Okla. Cr. 265, 130 P. 2d 545; Worley v. State, 77 Okla. Cr. 154, 140 P. 2d 246; Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549; Sands v. State, 36 Okla. Cr. 55, 252 P. 72; Hutchinson v. State, 74 Okla. Cr. 30, 122 P. 2d 395.

There is no contention that there was not liquor wrapped in brown paper and in plain view in the front part of the car, as testified to by the highway patrolman, and it is sought to avoid this discovery by the contention that the officer had no cause to sound his siren at the time he did and attempt to stop defendant and that this was a subterfuge to enable the officer to make the search, and that the search actually commenced at the time the officer commenced his attempt to stop the defendant.

While there is some slight conflict in the evidence of the defendant and the patrolman, the trial court heard their evidence and decided against the defendant. The evidence supports the action of the court in overruling the motion to suppress, and the same under the circumstances here presented will be upheld. Mitchell v. State, 73 Okla. Cr. 184, 119 P. 2d 99; Byford v. State, 90 Okla. Cr. 230, 212 P. 2d 476.

Whether the defendant had violated a traffic regulation at the time the officer testified the defendant did, would not be decisive of this case, as the officer at all events if he thought the defendant did violate the traffic code had a right to give defendant a warning ticket and even check his driver's license, and defendant admits that he did commence trying to elude the officer and did thereafter run one or more traffic lights. Then after the defendant was placed under arrest, the officer observed whiskey in plain sight in the front of the car, on the floor boards, and that is the determining factor that cuts off all other argument as to the right of the officer to search the entire car for the other liquor.

On trial the state used Patrolman Roberson and Neal Bolin, the assistant chief of police of Durant. The defendant did not testify and offered no evidence.

Officer Roberson's testimony was substantially the same as on motion to suppress.

Officer Bolin testified that when he arrived at the scene of the arrest, the defendant was in the patrol car and that he drove defendant's car to the courthouse, and that there were three lugs of whiskey in plain sight in front on the floor boards where one would put his feet.

By reason of what has been said, the case is affirmed.

JONES and BRETT, JJ., concur.