MARTIN v. STATE.

No. A-11903.

Criminal Court of Appeals of Oklahoma.

March 3, 1954.

Rehearing Denied March 24, 1954.

Lee Williams, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant William Martin was charged in the Court of Common Pleas of Oklahoma County with the unlawful possession of 126 pints of whiskey and gin, and 160 half-pints of whiskey and gin; was tried, convicted, and pursuant to the verdict of the jury was sentenced to serve six months in the county jail and pay a fine of $500, and has appealed.

The principal contention of the accused is that the search and seizure of the intoxicating liquor was illegal and therefore the court erred in overruling the motion to suppress presented on behalf of the accused.

The evidence on the motion to suppress showed that Bob Turner, Frank Lynch, and Larkin Lamb, being the sheriff and two deputy sheriffs of Oklahoma County, procured a search warrant for the search of a certain 1950 model Oldsmobile automobile bearing Oklahoma 1952 tag number 1–B5770. The three officers drove to where the Oldsmobile was parked by a garage. The defendant was standing between the Oldsmobile and an old model Chevrolet parked beside it. Larkin Lamb and Frank Lynch, the two deputy sheriffs, emerged from the officers' car and started towards the automobile of the defendant to make the search. Lynch had the warrant and Lamb got out of the officers' automobile ahead of Lynch and had walked over to where the defendant was standing before Lynch arrived.

Lamb testified that when he approached the Oldsmobile, he saw some whiskey on the floorboard, partially covered with an old quilt, but some of the lugs were broken and the whiskey was showing. That he spoke to "Bill," the defendant, but did not tell him what he wanted. That Lynch walked up about that time and started talking to the defendant and the witness Lamb started looking through the car.

Frank Lynch testified that he walked over to where the defendant and Lamb were standing. That he laid the search warrant on the front seat of the 1950 Oldsmobile and proceeded to search it. That he found a large quantity of whiskey in the Oldsmobile and also a considerable quantity in the old model Chevrolet parked at the side of it. The Oldsmobile automobile was the one for which they had the search warrant.

The defendant testified that he owned the Oldsmobile sedan which was searched by the officers. That no search warrant was served on him and the officers did not have any warrant for his arrest. That the whiskey found in the Oldsmobile belonged to him.

The basis for the contention of the accused that the search was illegal is the failure of the officers to hand the warrant to the accused. Without expressing our opinion as to whether the search was invalid for the alleged failure to properly serve the warrant, we are convinced that the search was valid because a part of the intoxicating liquor had been discovered by officer Lamb without any search at all when the officer was in a public place where he had a right to be. In the case of King v. State, 92 Okl.Cr. 389, 223 P.2d 773, 774, this court held:

"Whether search and seizure from an automobile, parked on a public street, without a warrant, is or is not unreasonable within the meaning of the Constitutional provision (Okl.Const. art. 2, § 30), forbidding unreasonable searches and seizures, is a judicial question to be determined in each case in view of all the facts and circumstances under which the search and seizure is made.

"Where officer sees a person violating the intoxicating liquor law at a place where the officer has a legal right to be, the officer may without a warrant arrest the person and search his person and immediate possessions for intoxicating liquor.

"The Criminal Court of Appeals will not reverse a trial court upon a finding of fact in connection with a motion to suppress the evidence where there is competent evidence reasonably tending to support the findings of the court."

It is apparent that the officers were at a place where they had a right to be. They had a search warrant to search the automobile. The car in question was parked on a public street. Under such circumstances, no warrant to search the car was even necessary where a part of the liquor had been discovered without a search being made.

It is contended that the trial court erred in refusing to give an instruction requested by the defendant as follows:

"You are instructed that the statutes of this state provide that a search warrant for the search or seizure of intoxicating liquors shall be served upon the person or persons found in possession of any such liquor."

In the recent case of Kelso v. State, Okl. Cr., 260 P.2d 864, this court held that the question of the validity of a search and seizure of intoxicating liquor was a judicial question to be determined in each case by the trial court, and was not a question that should be submitted to the jury.

The judgment and sentence of the Court of Common Pleas of Oklahoma County is affirmed.

POWELL, P. J., and BRETT, J., concur.