STATE of Oklahoma, Plaintiff in Error,

v.

George Berry HOLDEN, Defendant in Error.

No. A–12763.

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1959.

Robert D. Simms, County Atty., Tulsa County, Ted Flanagan, Asst. County Atty., Tulsa, for plaintiff in error.

Pat Malloy, Tulsa, for defendant in error.

BRETT, Judge.

This is an appeal by the State of Oklahoma on a reserved question of law. 22 O.S.1951 § 1053; State v. Waldrep, 80 Okl. Cr. 230, 158 P.2d 368. The state contends that the trial court erred in sustaining the defendant's demurrer to the evidence on a reckless driving charge and his motion to suppress the evidence on an unlawful transportation of intoxicating liquor charge. It asserts further that when officers are justified in stopping a vehicle and arresting the driver and the evidence discloses violation of the prohibition laws, such evidence is admissible to prove violation of the prohibition laws and the prosecution therefor does not depend upon the defendant's conviction on the traffic violation.

The defendant was charged by information in two cases, the first reckless driving, and the second unlawful transportation of intoxicating liquor. The two cases were combined for the purpose of hearing on the merits of the reckless driving charge, and the motion to suppress and the merits of the unlawful transportation charge. Briefly, these facts were developed. The defendant was driving his automobile north on Lewis Avenue in Tulsa County, Oklahoma, followed by two Highway Patrolmen in separate cars. The officers followed the defendant for approximately a mile during which time the defendant slowed down or stopped at every private driveway, approximately five times, each time crossing over the center line to the left side of Lewis Avenue. The officers related that on one occasion he crossed over into the left lane to such an extent that he interfered with an automobile going in the opposite direction. The patrolman, observing this maneuver of the defendant's automobile, flashed his red light, stopped the defendant, and arrested him for reckless driving. The defendant was out of his automobile and was approaching the trooper when he was informed of his arrest for reckless driving.

It is apparent that the patrolman did not then even suspect the defendant of drinking or of transporting liquor. The other trooper came up behind the arresting officer and was told to take the defendant into custody and put him in the patrol car while the arresting officer drove the defendant's automobile off the highway on the shoulder.

This he did under authority of 47 O.S.1953 Supp. § 121.8(b) authorizing him to move the automobile off of the main travelled part of the roadway. When the patrolman approached the defendant's automobile, the dome light was on and he observed two things: First, a sack containing whiskey bottles on the floor board in front of the back seat. One of the whiskey bottles was unopened and he could detect a whiskey revenue stamp on the bottle. He said he had seen so many he knew at a glance what it was. Second, he observed a lady in the front seat on the right hand side of the automobile with a plastic cup in her hand containing a beverage which smelled of alcohol, and she had alcohol upon her breath. The other patrolman testified the defendant smelled strongly of an alcoholic odor. After the arresting officer observed the whiskey in the back seat, he seized the same and found that one of the bottles was a full fifth of Seagrams V.O. whiskey, and the other was an open fifth containing a quantity of House of Lords whiskey. The trooper was asked why he did not charge the defendant with drunken driving, to which he replied it was a borderline case and he was not sure the defendant was under the influence of intoxicating liquor. He related that the defendant admitted that he had had one drink of whiskey.

On these facts, the trial court sustained the defendant's demurrer to the reckless driving charge and also his motion to suppress the evidence on the transportation charge.

In this appeal, the State of Oklahoma asks three questions. (1) Did the trial court err in holding that the arrest of the defendant for a traffic violation was not supported by the evidence; (2) was the seizure of the liquor involved not incident to a valid arrest; and (3) where a defendant is acquitted of a traffic violation, is liquor seized incident to the arrest therefor, which is made in good faith and not as a subterfuge, rendered subject to suppression and inadmissible in a prosecution for violation of the prohibition law because of the acquittal on the traffic violation?

In resolving these questions, it is necessary we set forth the controlling statutes. 47 O.S.1955 Supp. § 121.3:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, * * *."

47 O.S.1951, § 121.4:

"(a) Upon all roadways of sufficient width a vehicle shall be driven to the right of the center of the roadway, * * *."

Under the foregoing statutes and the undisputed evidence, there is but one inescapable conclusion, that the trial court erred in sustaining the demurrer to the evidence on the reckless driving charge. The facts as testified to disclose that five times within a mile the defendant crossed over the center line onto the left-hand lane of the roadway and once interfered with an automobile traveling in the opposite direction. These facts alone sustained the charge of reckless driving. Neither the defendant nor any other witness testified to the contrary. Such being the state of the record, it was conclusive on the question of reckless driving. The facts testified to brought the defendant clearly within the foregoing statutes relative to driving in the improper lane. Under these conditions the officers would have been derelict in their duty not to have arrested the defendant therefor. It has been held that driving from one side of the road to the other is grounds for an arrest and within the clear duty of the officer so to do. In Moore v. State, Okl.Cr., 306 P.2d 358, 360, this Court said:

"* * * this court has approved the stopping by officers of motorists whose method of driving and personal appearance have convinced the officers that the manner in which the vehicle was being driven made it a menace to other motorists or the traveling pub-

lic. Speeding, driving at an unusually slow rate, or from one side of the road to the other are certainly grounds for an officer to stop the motorist involved whatever the reason for such operation of the involved vehicle. Raper v. State, 96 Okl.Cr. 18, 248 P.2d 267; Webster v. State, 96 Okl.Cr. 44, 248 P.2d 646; Paty v. State, 97 Okl.Cr. 111, 259 P.2d 330; Hodge v. State, 97 Okl. Cr. 73, 258 P.2d 215; O'Dell v. State, 80 Okl.Cr. 194, 158 P.2d 180."

Under the foregoing facts, statutes, and cases, it is apparent that the arrest was made in good faith and not as a subterfuge for search. The trial court's judgment on the demurrer to the state's evidence was in complete disregard of both the law and the evidence, and the seizure of the liquor involved was incident to a valid arrest.

▮▮▮ As to the third question, the trial court erroneously assumed that having disposed of the reckless driving charge, the entire proceeding must fail, since the whole matter was based thereon. In so holding he assumed that the discovery of the liquor and seizure thereof presented a case of an unlawful arrest based upon subterfuge. The record does not support such a conclusion. Moreover, it shows the officer acted in complete good faith. When he placed the defendant in custody of his fellow patrolman, apparently he was not aware of the defendant's drinking. Under the law he then proceeded to remove the defendant's automobile from the lane of traffic. As he approached the defendant's automobile, the door being open and the dome light on, he saw the whiskey in the sack on the floor board in front of the back seat. He also observed the woman who had liquor on her breath, and the cup from which she had been drinking the same. When the officer observed the liquor in the automobile, which he recognized as such without the necessity of a search, a misdemeanor had been committed in his presence. Clearly, under the statute, the officer was engaged in a lawful pursuit, in a place where he had a right to be, in moving the automobile to the shoulder out of the traffic lane. This Court has repeatedly held:

"Where officer sees a person violating the intoxicating liquor law at a place where the officer has a legal right to be, officer may without a warrant arrest person and search his person and immediate possessions for intoxicating liquor."

Finley v. State, 91 Okl.Cr. 137, 217 P.2d 189, 190; King v. State, 92 Okl.Cr. 389, 223 P.2d 773. In Edwards v. State, 94 Okl. Cr. 11, 228 P.2d 672, 673, in syllabus 5 it was held:

"The constitutional provision against unreasonable searches and seizures does not preclude the making of a seizure, without a warrant previously procured, of intoxicating liquor, where there is no need of a search for the liquor because the liquor is fully disclosed to the eye."

See also Atkins v. State, 94 Okl.Cr. 137, 231 P.2d 406; Jones v. State, 95 Okl.Cr. 323, 245 P.2d 756; Roberts v. State, 95 Okl.Cr. 365, 245 P.2d 759; Martin v. State, Okl.Cr., 268 P.2d 320; Hood v. State, Okl.Cr., 270 P.2d 368. In Holder v. State, 75 Okl.Cr. 202, 129 P.2d 872, this Court said:

"Defendant was driving the car at the time and the officer testified that he ordered defendant to stop by reason of a traffic regulation; that when he went to the car he saw the liquor on the floor board of the car; that the dome lights of the car were burning and he immediately arrested the defendant. * * * It is admitted that the officer did not have a search warrant at the time. It is the contention of defendant that by reason of this fact they did not have a right to search * * * the automobile * * *. (U)nder the evidence defendant was arrested for the commission of a misdemeanor in the presence of the officer. Where this arrest was lawful, and not a subterfuge * * *, the search was permissible under the many decisions

of this court. Matthews v. State, 67 Okl.Cr. 203, 93 P.2d 549; Boardwine v. State, 64 Okl.Cr. 49, 76 P.2d 1081; Nott v. State, 70 Okl.Cr. 432, 107 P.2d 366; Young v. State, 71 Okl.Cr. 112, 108 P.2d 1028; Franklin v. State, 71 Okl. Cr. 115, 109 P.2d 239."

Bagwell v. State, Okl.Cr., 327 P.2d 479. The liquor thus seized under the conditions herewith presented was competent evidence and not subject to be suppressed on the unlawful transportation charge, even though the trial court sustained the demurrer to the evidence on the reckless driving charge. In this conclusion we are sustained by O'Dell v. State [80 Okl.Cr. 194, 158 P.2d 181], supra, holding, in syllabi 2 and 5:

"Where the offense of reckless driving is committed in the presence of an officer, he has the right to arrest the offender without a warrant and, as an incident to such arrest, he may lawfully search the automobile which the accused is driving, and intoxicating liquor found in such search may be used as evidence at accused's trial for unlawful transportation of intoxicating liquor. * * *

"Acquittal of accused in justice of the peace court on charge of reckless driving is not conclusive in hearing on motion to suppress evidence before county court on ground that accused did not commit the misdemeanor of reckless driving in presence of arresting officer which would authorize arrest of accused and search of his automobile as an incident to such arrest."

In the body of the opinion, in relation to Art. II, Sec. 30, Okl.Const., the Court said:

"The purpose of the constitutional provision against unreasonable searches is to prevent exploratory searches upon mere suspicion. Where a motion to suppress evidence is interposed by one accused of violating the liquor law, and the trial court finds that the purported arrest of the accused for the commission of a misdemeanor in the presence of an arresting officer was merely a subterfuge, in an effort to justify the search, then, the motion to suppress should be sustained.

"In the instant case, an issue was presented to the trial court in the hearing on the motion to suppress evidence as to whether a misdemeanor was committed in the presence of the officer which authorized the arrest of the accused without a warrant. The evidence of the State abundantly shows that a misdemeanor was committed."

Sims v. State, 73 Okl.Cr. 321, 121 P.2d 317. Such is the situation confronting us herein. Proof of subterfuge in this case is totally lacking. The trial court was in error in sustaining both the demurrer to the evidence as to reckless driving, and the motion to suppress the evidence in the charge of unlawful transportation. The questions thus presented in this appeal are resolved in favor of the State's contentions.

POWELL, P. J., and NIX, J., concur.