**Robert Rome SCHIEBERT, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14809.**

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Robert Rome Schiebert, was charged by information in the District Court of Oklahoma County with the crime of Carrying a Concealed Weapon After Former Conviction of a Felony. He was tried by a jury, found guilty and his punishment assessed at One Year in the

penitentiary. Defendant discharged his attorney after the trial, and the Public Defender was directed to perfect the appeal to this Court.

From the record, it appears that the first witness called by the State in its case in chief, was Lloyd R. Ruddell, a police officer with the Edmond Police Department. He testified that on September 7, 1967, at approximately 7:30 p. m., he was traveling north on the Broadway extension, when he noticed a vehicle bearing tag number XM 7135 make an improper lane change. He lost sight of the vehicle in the traffic, so he turned around and went back, pulled in behind the vehicle, ascertained that the driver was the same, checked the license number, and ultimately stopped the defendant about 30th and Broadway, Oklahoma County, Oklahoma. Officer Ruddell then approached the stopped vehicle and asked the defendant for his driver's license. The defendant explained that he did not have one. In the meantime, Officer Ruddell noticed a pistol sticking out from under the front seat between the driver's side and Mr. Haynes who was riding on the front passenger's side. Officer Ruddell indicated to Officer Jerry Wallace by a predetermined method that there was a gun in the car. Officer Wallace removed same and gave it to Officer Ruddell. At approximately the same time, Officer Ruddell was advising the defendant to step to the front of the police car and, to the back of his own automobile, telling him that he was under arrest for not having a state's driver's license, and advising him of his rights. The defendant went to the back of his car and Officer Steve Cook again advised him of his rights. During the course of their conversation, the defendant stated that he had been out on the creek bank and had shot two rounds in the river. A ticket was issued for no state driver's license and a warning ticket for improper lane changing. The tickets and the pistol, which was marked by the Officer with his initials and the date, were placed in the defendant's property bag at the Oklahoma City jail.

The defendant testified on his own behalf that he had a contract with Goodyear to buy used tires in small towns and that he had been to Guthrie on September 7, 1967. James D. Haynes had gone along because he wanted to see a friend, Max Taggard. The defendant further testified that on that same day he and Haynes were coming out of Edmond toward Oklahoma City on the Expressway when they saw some officers going toward Edmond, patrolling, one of whom was pointing out of the window at him. He later looked into his rear view mirror and an officer motioned for him to pull over, which he did. The defendant got out of his car and went back to meet the officer. The officer asked to see his driver's license, and he told him that he did not have one. Officer Wallace then got out of the patrol car and went to the far side of the defendant's car and started searching it. When Officer Ruddell came back with the pistol, Officer Cook got out of the patrol car. Whereupon he was placed under arrest for not having a driver's license and taken to the station but was not given a ticket. When he was later released to the County Jail, he found the ticket in his pocket. The defendant further testified that the day of the arrest the traffic was not heavy and that he did not change lanes. When he was arrested, the Oklahoma City limits sign was right in front of him and he could have driven on into Oklahoma City, if he had so chosen. Further, he did not know that a gun was in his car nor did he know that Haynes had a gun in his car.

In rebuttal, the State then called Officer Steve Cook as a witness who testified substantially the same as Officer Ruddell.

▬▬ The conflict in the testimony presented a question of fact to be submitted to the jury. This Court has held repeatedly:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the

verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts." Williams v. State, Okl.Cr.App., 373 P.2d 91.

The sentence of one year is not excessive inasmuch as it is the statutory minimum.

This Court is of the opinion that the defendant had a fair and impartial trial, that the record is free from fundamental error, and that the evidence is sufficient to support the verdict of the jury.

The judgment and sentence is affirmed.

BRETT, P. J., and BUSSEY, J., concur.