**Ione Betty WESTBROOK, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15546.**

Court of Criminal Appeals of Oklahoma.

July 22, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Ione Betty Westbrook, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Assault and Battery with a Dangerous Weapon With Intent to Kill, After Former Conviction of a Felony, her punishment was fixed at twenty years imprisonment in the state penitentiary, and she appeals.

On the trial Walter L. Roberts testified he was a bill collector for Oklahoma Natural Gas Company and was so employed on February 28, 1969. He had a delinquent notice for 1707 NE 7th in Oklahoma City, and called at the door, defendant answer-

ing. He informed defendant he would have to have the money or disconnect the gas. Defendant replied that she was on welfare and that he could not turn it off; that she would get her welfare check on the first of the month and pay the bill then, whereupon he went to the meter and cut off the gas. As he was returning to his car he glanced at the front door and saw defendant pointing a .410 shotgun at him. She shot him from a range of six feet in the lower right arm and he ran to a nearby filling station where report was made to the police and to his supervisor. He had discretion in whether to cut off the gas or give the customer more time to pay.

Officer Guinn of the Oklahoma City Police Department testified that on February 28, 1969, after warning defendant of the rights against self-incrimination and to have counsel, he interrogated her in the city jail, at which time she told him she had been harassed in the past by the gas company, cutting her gas off about every two months, then adding a $2.00 service charge to turn it back on; that she was baby-sitting with two small children and could not have the gas turned off for that reason. She told him she aimed at the man and shot him.

Officer Lee, of the Oklahoma City Police Department, testified to making a call at the residence after the shooting and obtaining the shotgun from defendant. He arrested defendant and left an officer there to baby-sit the children until other help could be had.

John A. Reed, Jr., the defendant's pastor, testified that she was on welfare and he had known her for about 15 years and she was a regular and faithful church member. He observed that in conversation she would wander off the subject and he felt that she needed medical help. He received two letters written by her from the county jail, neither of which he could understand.

Bennie R. Westbrook, defendant's oldest son, testified that his mother was about 47 years old and he had felt for about the last 17 years that his mother needed medical

help—ever since she was committed to the Taft mental hospital. This was in connection with a shooting arising out of the pregnancy of her unmarried daughter. He paid the gas bill amounting to $16.00 plus $2.00 for a reconnect service charge.

Defendant testified that in 1955 she served some time for assault with a dangerous weapon and also was at the Taft hospital. She stated: "Only because of a man and because I lived out in the country, he was selling whiskey out there and he was sleeping my daughter out on the school bus, and this is the onliest reason me and him had it." (R 73). She had lived at 1705 NE 7th Street for eight years and had been on welfare off and on since 1938. Both of the children she was baby-sitting were six months old. Her gas had been cut off twice before. On the present occasion she told Roberts there were two babies in the house and that she was under a doctor's care herself and would pay the gas bill the next day. She testified to previous incidents of gas bill collectors undertaking to turn off her gas and that she slammed her door in the face of one, but did not point any gun at him. She admitted shooting at Roberts, but denied intending to do so.

Roberts, on rebuttal, testified that defendant did not tell him she had small children in the house, that he could remember.

Jerry Cabell testified that he was a gas bill collector and had been to defendant's house either in December, 1968, or January, 1969, at which time defendant slammed the door in his face and as he was undertaking to disconnect the meter he saw a shotgun pointed at him, whereupon he left.

Although defendant argues on appeal that the evidence is insufficient to support the verdict of the jury, it is readily apparent from the foregoing recital of facts that the evidence, although conflicting, was amply sufficient to support the verdict of the jury. In Williams v. State, Okl.Cr., 373 P.2d 91, we stated:

"Where there is competent evidence in the record from which the jury could

**312**

reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

The defendant next contends that the punishment imposed is excessive. We need only observe that the punishment is only ten years more than the minimum which could have been imposed under the circumstances and well within the range provided by law; and that the record is free from any error which would justify modification or reversal.

For all the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.