**Bill WILLIAMS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13167.**

Court of Criminal Appeals of Oklahoma.
July 3, 1962.

ment at a fine of $250 and ten days in the county jail. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

■ The defendant's first serious contention is that he was prejudiced by the trial court not permitting him to show his whereabouts before and up to the time of his arrest, until the latter part of his defense.

■ We are of the opinion that this contention is without merit, since the sole issue was as to the defendant's condition at the time of his arrest—was he then in a drunken condition? We are not impressed with this contention, since admittedly the matter of order of proof in the trial of a case is largely a matter of discretion of the trial court. Mathies v. State, 56 Okl.Cr. 308, 38 P.2d 588; Carr v. State, 91 Okl.Cr. 94, 216 P.2d 333 (cert. denied 340 U.S. 840, 71 S.Ct. 28, 95 L.Ed. 616); Pumpkin v. State, Okl.Cr., 295 P.2d 819; 88 C.J.S. Trial § 96, p. 206, n. 87–88. We are of the opinion that since the defendant got his proof before the jury, the order in which it was presented did not so materially affect the outcome as to be reversible.

Since the next two propositions urged by the defendant involve evidentiary matters, we shall briefly summarize the facts.

■ It appears that Arlie Freeman, police chief of Hartshorne, Oklahoma, was patrolling the east end of Hartshorne on Pennsylvania Avenue when he observed a Buick automobile driving east on Pennsylvania. The car would weave across the center line and back to the shoulder. There were two other automobiles between witness and the Buick, so he went around them, by aid of his siren and red light. When he did this, the Buick picked up speed until it was going 85 miles an hour, approaching a curve, on which the driver almost lost control. Officer Freeman related he put on his siren and pulled out his pistol. The occupants apparently observing him, pulled over to the side of the highway and stopped. The officer stated that he did not know who was driving the Buick un-

James M. May, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Bill Williams from a judgment and sentence rendered against him for operating a motor vehicle on the public highway while under the influence of intoxicating liquor. The case was instituted in the county court of Pittsburg County, Oklahoma, by information alleging the offense occurred on July 24, 1961 on the public highway No. 270, at a point three miles east of Hartshorne, Oklahoma, in Pittsburg County.

The case was tried to a jury, which convicted the defendant and fixed his punish-

til he pulled up by the side of it, and observed for the first time that Bill Williams, the defendant, was driving the car. The officer ordered the occupants out of the car and saw the defendant was intoxicated. He talked "stuttering" and held to the car door handle and leaned up against the car door and his eyes were blood-shot. The defendant had a strong odor of intoxicating liquor about him, and was unsteady on his feet. The police chief placed the defendant and three of his companions, who were also intoxicated, under arrest. A fourth passenger in the car, it appears, was not intoxicated. Officer Freeman radioed for help. Before help arrived, Freeman searched the car and found two half-gallon jars on the floor board right behind the driver, one of which was full of non-tax paid whiskey, and the other contained about a drinking-glass full of whiskey.

Subsequently Deputy Sheriff J. D. Roberson and Kirt Roberts arrived on the scene. Deputy Roberson's testimony was that he observed the defendant, and that in his opinion the defendant was intoxicated; that his speech was slow, his eyes were "reddened" and "he didn't walk right, he staggered." Witness took charge of the whiskey in the jars and accounted for its safe keeping as evidence. Deputy Roberts did not testify.

The defendant testified in his own behalf that he was not intoxicated; that he did not drive at an excessive speed, and that he did not weave on the highway but stayed on his side of the road. He further testified that he did not know there was any whiskey in the automobile, but he did know that some of the other occupants of the car had been drinking. However, he admitted he had drunk a couple of cans of beer some forty minutes before his arrest. Cross-examination of the defendant disclosed that he had three prior convictions for public drunkenness, one conviction for unlawful possession of non-tax paid liquor, two convictions for assault and battery, and four convictions for disturbing the peace.

The foregoing evidence was sufficient to sustain the jury's verdict, and comes within the rule announced in Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479, and other cases holding that where there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty as charged, this court will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts.

The defendant's fifth contention is that the arrest was unlawful, being founded on suspicion and insufficient to support the search and seizure that followed.

The evidence on this point is to the effect that police chief Freeman first observed the Buick car about a block from the city limits. The first thing the officer noticed about the car was its "weaving off over the [center] line and back off the shoulder * * * the righthand side." It was going "kinda slow * * * just drifting over and drifting back". The officer said he observed this all the time from when he first saw the car until he stopped it. When he put on his siren to get the cars in front of him to pull over, the driver of the Buick car stepped on the gas as heretofore set forth.

The foregoing facts bring this case within the provisions of 22 O.S.1961 § 196, providing: "A peace officer may, without a warrant, arrest a person: For a public offense, committed or attempted in his presence", and the holding in Raper v. State, 96 Okl.Cr. 18, 248 P.2d 267, wherein this court said:

"Where on motion to suppress evidence, it is developed that highway patrol officers observed a car being driven along highway swerve and run off on the shoulder of the highway, and swerve back across center line, they were in performance of duty in following and observing such car, and when their further observance indi-

cated that the driver was not operating the vehicle in a normal and safe manner, they were justified in stopping such motorist for questioning.

"Where in questioning such motorist he is found to have had the odor of whiskey on his breath and otherwise to have shown signs of intoxication, the officers were then justified in searching his car as incident to arrest, and the motion to suppress all evidence obtained from fact of questioning and search, was properly overruled."

See also Hodge v. State, 97 Okl.Cr. 73, 258 P.2d 215.

The officer under the foregoing pronouncement, seeing the car was not being operated in a normal manner, but in a weaving manner had a duty to stop it, for questioning its occupants.

■ Strong evidence of guilt appears herein, when the defendant hearing the siren began to apply the gas and drove at an excessive and unlawful rate of speed, apparently in an attempt to escape. Quinn v. State, 52 Okl.Cr. 81, 2 P.2d 970; Littrell v. State, 21 Okl.Cr. 466, 208 P. 1048. Both the weaving and excessive speed were sufficient to support the arrest of the defendant, as constituting offenses committed in the presence of the officer.

■ In Moore v. State, Okl.Cr., 306 P.2d 358 we find further applicable holding as follows:

"As a general proposition we have said that for the purpose of preserving the peace and to prevent crime, a peace officer or private citizen may make reasonable inquiry of persons coming under his observation or brought to his knowledge under circumstances which reasonably suggest that a crime has been or is about to be committed. Camp v. State, 70 Okl. Cr. 68, 104 P.2d 572.

"Also in any number of cases this court has approved the stopping by officers of motorists whose method of driving and personal appearance have convinced the officers that the manner in which the vehicle was being driven made it a menace to other motorists or the traveling public. Speeding, driving at an unusually slow rate, or from one side of the road to the other are certainly grounds for an officer to stop the motorist involved whatever the reason for such operation of the involved vehicle. Raper v. State, 96 Okl.Cr. 18, 248 P.2d 267; Webster v. State, 96 Okl.Cr. 44, 248 P.2d 646; Paty v. State, 97 Okl.Cr. 111, 259 P.2d 330; Hodge v. State, 97 Okl.Cr. 73, 258 P.2d 215; O'Dell v. State, 80 Okl. Cr. 194, 158 P.2d 180."

The two foregoing cases on this point are so convincing we need not cite or quote from other cases.

■ The arrest being lawful in this case, and supported by sufficient evidence, it follows as a corollary that the search and seizure is lawful and the liquor obtained thereby is admissible in evidence. In Scott v. State, 84 Okl.Cr. 171, 180 P.2d 196, this court held:

"Where a defendant is lawfully arrested, and his automobile searched, the search made incident to such lawful arrest is not an invasion of the defendant's constitutional rights."

■ The defendant further contends that police officer was outside the city limits and therefore without authority to make the arrest for the misdemeanor herein involved.

The facts as briefly set forth bring the arrest within the law, and as announced in Moran v. State, 95 Okl.Cr. 6, 237 P.2d 920, as follows:

"Where police officer finds an accused outside the city limits of municipality on a public highway and in a drunken condition, even though said officer held no commission as a county or state officer, still, by provision of Tit. 22 O.S.1941 [1961] § 202, he had a right and it was his duty to arrest said person, and he had the fur-

ther right to take possession of intoxicating liquor observed in the front part of accused's ditched automobile."

See also Hutson v. State, 53 Okl.Cr. 451, 13 P.2d 216; United States v. Braggs, 10 Cir., 189 F.2d 367.

Finally, the defendant objects to the fact that the state was permitted to show that three of the occupants of the car, other than the defendant, were intoxicated, and that the four of them were placed under arrest. (Buster Bryant, not being intoxicated, was not arrested.)

The arresting officer testified that when he stopped the Buick car John Lance staggered out of the car and began to argue with him. He related that he then arrested the four who were intoxicated. This evidence as to the three intoxicants other than the defendant, while not relevant to the issue of defendant's driving, certainly tends to explain and throw light on the transaction. The defendant and the other three being jointly engaged in the unlawful conduct that resulted in the arrest of defendant Williams, the evidence was admissible as part of the res gestae. See 22A C.J.S. Criminal Law § 673, p. 695. "The statements and exclamations or acts and conduct of third persons are admissible in evidence when they are so closely connected with the crime as to constitute part of the res gestae." And see Wheat v. State, 38 Okl. Cr. 119, 259 P. 279, wherein it was said:

"[I]t is well settled that evidence is admissible as a part of the res ges-

tae although it may tend to prove a different offense, where the different offense is so closely linked with the offense charged as to form a connected transaction, or where the evidence of the former explains or sheds light on the latter."

The only basis for objection could be the offense of the other three have no relation to the drunk driving of the defendant Williams, but being admissible under the foregoing authority, the objection is without substantial merit.

There is another ground urged by the state in opposition to this contention. It is that the conviction of the other three intoxicants, and the whiskey found in the car created a circumstance for consideration of the jury that the defendant, instead of having had a couple of cans of beer, had actually been drinking from the whiskey jars. The state urges that these facts were further developed by the defense in its case in chief, by the defendant's own testimony to the effect that the other three had been drinking and he was aware of it. Under these conditions the evidence objected to having been substantially developed on the defendant's case in chief, we do not believe this assertion of error can be maintained.

The judgment and sentence is, accordingly, affirmed.

NIX, P. J., and BUSSEY, J., concur.