Leon WILLIAMS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14692.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

NIX, Judge.

This is an appeal by Leon Williams, hereinafter referred to as the defendant, from a conviction of Burglary Second Degree in the District Court of Oklahoma County. Trial was had to a jury, which fixed punishment at seven years in the penitentiary. Judgment and sentence was rendered by the trial judge, who prescribed that five years would be served, and the last two suspended. The case was tried by other counsel, who withdrew, and the Public Defender was designated to perfect the appeal.

From the record, it appears that about 2:00 A.M. on March 21, 1967, Officers Waggoner and Pierce of the Oklahoma City Police Department, being on duty, observed a red Mustang fastback in downtown Oklahoma City with three colored men inside. Officer Waggoner testified he kept it under observation and saw it turn into the alley north of Main Street, and stop, with both doors and the trunk lid open. The car left as they approached and they discovered an open door with sports coats lying in the doorway. He testified they broadcast a description of the car and occupants within two minutes of first observation. On checking the building, they discovered both the front door on Main Street and the alley door had been pried open, being Emmer Brothers clothing store.

Entrance was gained by prying the Main Store door and exit made by prying the alley door. Two pry bars were found at the alley door.

Officer McNutt of the Oklahoma City Police Department received the broadcast about 2:05 A.M. on that date, and soon took under observation, a red Mustang at North 5th Street and Robinson, which he followed and intercepted at 6th and Walnut. He saw new suits in the back seat bearing Emmer Brothers price tags. There were three occupants, defendant being in the right front seat, all of whom he arrested. Permission was obtained to search the car and this disclosed three new suits in the rear seat and 25 new suits (or sports coats), all but one bearing Emmer Brothers price tags in the rear trunk, also a pry bar. Pictures were taken of the car and business interior. Besides the 28 suits recovered, between 30 and 40 were still missing, of approximately $988.00 value.

Defendant testified that on the night in question he was at the Ebony Club and undertook to leave about 1:30 A.M. He discovered his car would not start and went off on foot in search of a voltage regulator somewhere in the vicinity of West Main Street. He could not find any place open, and was returning to the east side when the red Mustang approached and gave him a ride. He knew the driver only casually, he stated, but not the other occupant. He denied participating in the burglary. Defendant admitted a previous conviction for the Dyer Act. This was substantially all that was presented to the jury.

This Court has repeatedly held that:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the

**526**

facts." Williams v. State, Okl.Cr.App., 373 P.2d 91.

■ This Court is of the further opinion that the sentence imposed was very lenient, inasmuch as this was not a first offense for the defendant.

The judgment and sentence is affirmed.

BRETT, P. J., and BUSSEY, J., concur.