Charles Vernon SMITH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14701.

Court of Criminal Appeals of Oklahoma.

March 12, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Curtis P. Harris, County Atty., James L. Swartz, Asst. Co. Atty., for defendant in error.

NIX, Judge:

Charles Vernon Smith, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Robbery First Degree. He was tried by a jury, found guilty, and his punishment assessed at 25 years in the penitentiary. From that judgment and sentence he has appealed to this Court.

From the record, it appears that Thomas Sorg, a sergeant in the Air Force stationed at Tinker Field, finished work about 8:15 on January 16, 1967. He stopped for a beer on the way home at Helen's Rainbow Bar about 8:30 p. m., where he met up with defendant and defendant's wife, and they played two games of pool. Defendant asked Sorg to drive them to the Jet Stream Bar, which he did. Defendant played a game of pool with someone there, while defendant's wife and Sorg sat in a booth. Defendant had told Sorg that the gas was not turned on at his house and it was uncomfortably cold, so Sorg agreed to drop defendant and his wife off at a motel. They stopped at the Bamboo Club on the way and left about 11:30 p. m., stopping at the Fleetwood Club also. They obtained a bottle of whiskey and returned to the Fleetwood Club where they stayed until about 1:00 a. m., Sorg dancing with defendant's wife. They then went to defendant's house, which was unheated and picked up Mrs. Smith's brother, whose name was Brown. Then Sorg took the defendant, defendant's wife, and Brown, first to the Planet Motel, which was full, then to the Holiday Inn. Upon learning that the Smiths did not have enough money to pay for the room, Sorg registered in his name and paid $16.00 for a room. Defendant appeared to be sick and lay on the bed. Defendant's wife had brought some beer which she shared with Sorg. Sorg got up to leave, whereupon Smith got up and hit him. Sorg started hitting back and defendant said, "I want your money." Brown and defendant's wife grabbed Sorg's arms. Sorg became unconscious, and when he awoke, his wallet, containing around $200.00 was missing, as were his car keys and car.

Captain Forney, of the Midwest City Police Department, testified that he found defendant's car in the 3300 block on North Lake, and Sorg's wallet on the back floorboard. Officer Barrett of the Oklahoma City Police Department testified that on January 16, 1967, he arrested defendant and Harold Hall at 1111 N.W. 27 Street; and in Hall's possession were credit cards and identification cards belonging to Sorg. Charles Edward Brown's fingerprints were found in Sorg's car at the time the police recovered it.

Defendant did not testify nor offer any evidence in his own behalf.

Defendant urges on appeal "Appellate Consideration of Evidence" and "Appellate Consideration of Punishment".

This Court repeats its finding in Williams v. State, Okl.Cr.App., 373 P.2d 91:

"[W]here there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty as charged, [the Court of Crimi-

nal Appeals] will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

On defendant's second allegation of error, it is apparently his contention that the sentence of 25 years is excessive under the evidence of the case. However, the sentence could have been up to a maximum of fifty years.

 When the victim was assaulted in the motel room, it was not one against one, but an initial assault from the rear by the defendant, and then to insure success, the additional restraint of the victim by the two other defendants. Even then, force was not used just to remove the money, but was employed to such a degree to render the victim unconscious for four hours and require some twenty stitches in his head to close the wounds.

This Court is of the opinion, that under the facts of this case, the sentence is not excessive.

The judgment and sentence is therefore, affirmed.

BRETT, P. J., and BUSSEY, J., concur.