Charles MILLER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14308.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Tom Finney and Neal Merriott, Idabel, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Charles Miller, hereafter referred to as defendant, was tried by a jury in the district court of McCurtain County, Oklahoma. Defendant was tried on a charge of knowingly receiving stolen property, found guilty, and the jury assessed his punishment at a fine of one dollar and imprisonment in the state penitentiary for five years, but recommended that the sentence be suspended. The Honorable W. A. Lackey, Supernumerary District Judge, presided over the trial and imposed judgment and sentence on December 1, 1966, when the last four years of defendant's sentence was suspended. This appeal was lodged from the judgment and sentence.

At his trial, defendant did not testify, but offered the testimony of four witnesses to prove his good character.

The testimony of the State revealed that two men brought a cow to defendant with instructions for him to sell the animal. He was instructed to move the animal to the auction barn at Idabel, Oklahoma, to arrive there early the following day. Late that evening, defendant called Mr. Dave Wilhite, who was in the cattle hauling business, and instructed him to pick up the cow for delivery at the sale barn before daybreak the following morning. Early the following morning Mr. Wilhite loaded the animal on his truck, when he recognized the cow as being one belonging to Judge Howard Phillips. En route to the Idabel sale barn, Mr. Wilhite stopped at Judge Phillips' home for him to inspect the cow. Judge Phillips verified his ownership of the cow by the bangs disease inoculation tag in the animal's ear.

The cow was sold at auction according to defendant's instructions, under the ownership name of "Leonard Hollaway." The deputy sheriff bought the cow and his check was delivered to defendant who was later arrested for knowingly receiving stolen property.

The sheriff testified, that when he questioned the defendant, the defendant told him of the circumstances surrounding his receiving the cow, and its disposition. He also told the sheriff that he carried through the transaction because he feared that the two men, who brought the cow to his place, would physically harm him. The sheriff also testified, that in his opinion the defendant was justified in this fear.

The sheriff's questioning of defendant on the night of the arrest is one complaint offered on this appeal.

Defendant's first proposition contends that it was error for the court to refuse to hear his motion to suppress the testimony of the sheriff, prior to the empanelling of the jury. However, the record shows that defense counsel was granted the opportunity to argue his motion, outside the hearing of the jury, and before the jury heard the sheriff's testimony. The trial court determined that the testimony was admissible, and denied the motion to suppress. The record also shows that defendant's motion to suppress was filed on the day the case was set for trial. After hearing the preliminary matters pertaining to the motion, the trial judge ruled that the motion was premature, and that it should be heard when any testimony concerning defendant's oral confession was introduced. Defendant objected and properly preserved his exceptions.

We must sustain the trial court's position for two reasons: first, because the motion to suppress was filed on the day trial was to commence; and secondly, because defendant's motion was heard and ruled on by the trial judge outside the hearing of the jury, and before the jury was permitted to hear the confession. The judge ruled the testimony was admissible before it was presented to the jury. See: Brown v. State, Okl.Cr., 274 P.2d 779.

Defendant relies on the United States Supreme Court decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 794, for his second proposition. He contends that prior to being questioned the defendant was not advised of his constitutional rights, and especially his right

to have counsel, before being questioned. In connection with this proposition, defendant also contends that his arrest was illegal because the Sheriff did not possess a warrant for his arrest. However, we observe that Title 22 Okl.St.Ann. § 196 provides that an arrest is proper, when the arresting officer has knowledge that a felony has been committed, and has probable cause to believe the one arrested committed the felony. In the instant case, the Sheriff possessed sufficient information to know that a felony had been committed, and certainly he had sufficient cause to believe that the felony had been committed by this defendant. Consequently the arrest without a warrant was proper, even though the formal announcement of arrest came at the conclusion of his questioning the defendant.

The record also reveals that the Sheriff testified, under oath, that he advised the defendant: that he did not have to make a statement but that if he did it would be used against him in a trial; and he testified further that he did advise defendant of his right to an attorney, and that he even recommended an attorney for defendant, before he commenced to question him. Since we are bound by the record before the Court, and because the sheriff's testimony was given under oath, we have no reason not to accept the sheriff's testimony as being true. Likewise, since the defendant did not offer any testimony to refute the position of the State, we must presume the proceedings to be regular. It is not sufficient to just contend that something is done, or is not done. Proof must be offered to sustain the contention. This was not accomplished by the defendant at his trial. We therefore deny defendant's second proposition set forth in his brief, and find that the admission of defendant's oral confession was not error.

Defendant's last proposition sets forth that the evidence is not sufficient to sustain the judgment and sentence. However, this Court has long held that when there is sufficient evidence to submit to the jury, and when there is any evidence to sustain the jury's findings, this Court will not disturb the verdict of the jury. In this case the evidence was sufficient to sustain the verdict of the jury. See: Williams v. State, Okl.Cr., 373 P.2d 91 and Kelly v. State, Okl.Cr., 415 P.2d 187.

While not argued in his brief, defendant sets forth, in his petition in error, certain complaints concerning the court's instructions given to the jury; and he cites as error therein the trial court's failure to give certain requested instructions offered by defense counsel, to which he objected and preserved his exceptions. However, the record shows that the defendant did not specifically object to any of the trial court's instructions, except to object to the court's failure to give the requested instructions. It must be admitted that had defendant's requested instructions been given the trial court's instruction No. one would not have been given, as it appears in the record. The trial court's first instruction quotes verbatim Title 21 O.S.1961, § 1713, including the provision pertaining to the rebuttable presumption of defendant's knowledge that the property received was stolen.

This Court held in Payne v. State, Okl.Cr., 435 P.2d 424 that the second part of this section of the statute is unconstitutional, and that it should not be given in the trial court's instructions to the jury. That decision held, it is error to include paragraph two of that section in the instructions. However, after reviewing the record before the Court, there is little doubt that a second trial would result in another conviction of defendant; and a second trial would only cause additional expense to both the State and the defendant, as well as causing additional uncertainty and anxiety on defendant's behalf, pending the outcome of a second trial. The record also clearly shows that the verdict of the jury recommended that the five year sentence assessed against defendant should be suspended. The trial court did suspend the last four years of the sentence imposed

upon defendant, but required him to serve the first year in the penitentiary.

Therefore, we conclude that the proper administration of justice demands, in the interest of both the State and the defendant, that the sentence imposed in this case should be modified under the authority of 22 Okl.St.Ann. § 1066 instead of its being reversed and remanded for a new trial.

It is therefore the opinion of this Court that the sentence imposed by the trial court should be modified to provide that the entire five year sentence be suspended; and that such suspension should be premised upon the same conditions imposed by the trial court, when the suspension of the last four years was granted. This Court also determines that defendant's bail bondsmen should be exonerated and released from further responsibility under defendant's bond.

It is therefore ordered that the judgment and sentence herein, as modified, is affirmed.

Affirmed.

BUSSEY and NIX, JJ., concur.