**Albert Lee JOHNSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14887.**

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1969.

Don Anderson, Oklahoma County Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, Albert Lee Johnson, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Murder. He was tried by a jury, found guilty of the lesser and included offense of Manslaughter First Degree, and set his punishment at 75 years in the penitentiary. From that judgment and sentence he has appealed to this Court. From the record it appears that the defendant, an army veteran of almost seven years, had been married to Shirley Johnson since September, 1966, but they had been living apart. He went AWOL from Ft. Hood, Texas, after returning from the war in Viet Nam, in August of 1967 and came to Oklahoma City to try and get their problem straightened out. While in Oklahoma City, he was living with a girl-friend, one Lucretia Hendrix. Shirley was living at her mother's house on October 4, 1967, and about 9:00 p. m., one Charles Pyles came by the mother's house and sat in the living room listening to the stereo. About ten o'clock p. m., defendant and one Joe Henry Rogers came by. There was some discussion chiefly between defendant and his wife and Pyles about the relationship between the latter two, and about a divorce, the details varying somewhat between witnesses, but all agreed that no threats were made by defendant. Defendant first said he wanted to talk to Shirley outside, then shortly he and Rogers left. They went to defendant's mother's house, where defendant got some shells, and then went to Lucretia's house where defendant got a sawed-off .22 cal. rifle. They then returned to Shirley's mother's house.

Rogers, either voluntarily or at defendant's request, asked Shirley's mother if Shirley could come out and see defendant, which was refused, and Rogers then started to leave. Defendant, by this time, was on the porch, and Rogers (a convicted felon granted immunity to testify here) said he saw defendant aim at the window and "pull the gun". Defendant said, "I climbed upon the porch and crossed over to the window and looked trying to see in and the next thing I know that gun went off." He denied aiming the gun or intending to shoot anyone. He merely intended to scare someone.

Witnesses differed as to whether the drapes and venetian blinds were such that a person could see through the window from the porch. Pyles died of an abdominal wound caused by a .22 cal. long rifle bullet. Counsel for the defendant urges his contention on appeal under two propositions. The first being "appellate consideration of evidence."

This Court has carefully reviewed the record filed herein, and find the testimony of the witnesses somewhat conflicting on several points. However, this Court has consistently held that this is a question for the determination of the jury. In the case of Williams v. State, Okl.Cr., 373 P.2d 91:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was

guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

In the instant case, the State presented their evidence, and the defendant presented his story for their consideration. This Court cannot find any error in this allegation.

 However, it is the opinion of this Court, after a careful review of the entire record, the evidence presented, and the possible prejudicial insinuations of the prosecuting attorney, that the sentence is somewhat excessive. While there are no errors sufficient to justify reversal, this Court is of the opinion that justice would be better served by modification of the sentence of 75 years to a term of 25 (twenty-five) years in the penitentiary, and as so modified, the judgment and sentence is affirmed.

Modified to 25 years, and affirmed.

BRETT, P. J., and BUSSEY, J., concur.