**Early GARNER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14954.**

Court of Criminal Appeals of Oklahoma.

March 11, 1970.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Gary F. Glasgow, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Plaintiff in error, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Burglary Second Degree. He was tried by a jury, found guilty, and his punishment assessed at two years in the penitentiary. From that judgment and sentence he appeals to this Court.

From the record, it appears that the complaining witness, Mrs. Hague, on March 14, 1968, operated a laundry at 636 N.E. 7th Street in Oklahoma City. She locked the place up about 5:00 p. m. and returned at 2:00 or 3:00 early the next morning to discover that the glass of the door had been broken out by bricks and the laundry in great disarray. She identified three lots of clothing (State's Exhibits 1, 2 and 3)

as being laundry of her customers that was in her place on March 14, and viewed by her at the police station early the next morning. Officer Torres of the Oklahoma City Police Department discovered the broken door of the laundry, saw two persons in the vicinity and gave chase, calling for assistance and shortly saw two persons, one being defendant, in custody of Officer Johnson. Officer Johnson, of the Oklahoma City Police Department, arrested defendant and one Rose at an apartment within a block of the laundry. There was a "trail" of clothing outside the apartment and going up the stairs. Some laundry was found inside the apartment and some outside, all of which was put in bags and taken to the police station.

Rose, the co-defendant, who was told by his lawyer that he might get a suspended sentence, testified that he and defendant threw bricks into the door of the laundry, and two others who were with them went inside and threw out some laundry which he picked up and then dropped and then defendant picked it up and they ran to the apartment, being arrested there about twenty minutes later. Defendant did not testify nor offer evidence in his own behalf.

 Defendant's first allegation of error is "Appellate Consideration of Evidence". We have reviewed the evidence, and find that it is sufficient and was presented to the jury by testimony and exhibits for their consideration. This Court has consistently held:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

See, Williams v. State, Okl.Cr., 373 P.2d 91.

Defendant's second allegation is that the sentence is excessive. Inasmuch as the defendant received the minimum sentence as provided in Title 21 O.S.1961, § 1436, this Court is not in agreement with this contention.

It is our further opinion that the defendant received a fair and impartial trial, that the evidence is sufficient, and that the judgment and sentence should be affirmed.

BRETT, P. J., and BUSSEY, J., concur.