**George Richard MURRAY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A—16016.**

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

George Richard Murray, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Burglary in the Second Degree, and punishment was left to the court. The court fixed punishment at seven years imprisonment in the state penitentiary, and a timely appeal has been perfected to this Court.

On the trial, Carl Gaston testified that on November 15, 1969, he parked his car in the 200 block on South Robinson in Oklahoma City about 3:15 p. m. He was gone about fifteen minutes and upon returning found his jacket missing. He believed that he had left the car windows closed. A patrol car came by and he notified the police. His wife also came by and he reported the incident to her. She circled the block and returned, telling him she had seen a man with the coat.

Mrs. Gaston testified that she encountered her husband that afternoon, and learning that his jacket was missing, drove around and shortly saw a man, whom she identified in court as the defendant, wearing the jacket.

Larry Baker of the Oklahoma City Police Department, testified that he was on duty that afternoon and saw defendant in the 300 block of West Reno, which is two blocks from the 200 block South Robinson. Defendant was wearing a blue jean jacket which Mr. Gaston had reported missing from his car. He arrested defendant, who appeared to have been drinking, but in the officer's opinion, was not intoxicated. He warned defendant of the rights against self-incrimination. Defendant at first stated he had bought the jacket, then said he had taken it from a car parked in the 200 block of South Robinson. The officer testified he believed defendant had been drinking but not to the extent that he did not know what he had been doing.

Defendant testified that he had been drinking since the day before and was intoxicated. A friend with whom he had been drinking told him there was a jacket in the friend's car that defendant could use. Defendant took the jacket under the impression that it was his friend's.

On rebuttal, Officer Rinehart, of the Oklahoma City Police Department, testified that he talked to defendant on the way to the station and defendant told him that if he had known he was going to get into that much trouble he would never have done it. In the officer's opinion defendant had been drinking, but was not drunk.

On appeal it is argued that the evidence does not support the verdict of the jury. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Williams v. State, Okl.Cr., 373 P.2d 91.

Counsel next argues that under the facts presented in the instant case, the sentence imposed by the judge, of seven years, (the maximum) was excessive. We agree. While the record reflects numerous arrests and convictions, all directly or indirectly connected with intoxicants, and one felony conviction in which the judgment and sentence was suspended for false and bogus

checks, the defendant was not charged after former convictions, nor do the facts, as set forth in the record, justify, in our opinion, the maximum sentence of seven years imprisonment.

Accordingly, in the interest of justice, we are of the opinion that the judgment and sentence should be, and the same is hereby, modified from a term of Seven (7) years imprisonment, to a term of Three and One-half (3½) years imprisonment in the state penitentiary, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.