**Ulysses Barnett HOOKS, Jr., Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15382.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Don Anderson, Public Defender, T. Hurley Jordan, Asst. Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Ulysses Barnett Hooks, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary in the Second Degree, After Former Conviction, his punishment was set at ten (10) years imprisonment and from the judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that a burglary was committed the evening of May 16, 1968, at the Freedom Center in Oklahoma City and a typewriter was missing.

Don Ross, an employee, testified that he returned to the Center at approximately 11:00 p. m. and discovered a door open and the defendant standing in the open door. He observed another person with a typewriter belonging to the Center under his arm. Upon seeing the headlights of his car, both persons left the building going in different directions. The defendant was recognized because he had been to the Center on several prior occasions. No one had been given permission to enter the building or to remove any property at the time in question.

The defendant and his sister-in-law testified that he arrived at the home of his sister-in-law at 10:30 p. m. on the day in question and stayed until 4:00 a. m. He admitted being at the Center previously, but denied breaking into the building.

The defendant alleges several propositions of error, none of which possess sufficient merit to be discussed in this opinion. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evi-

dence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Williams v. State, Okl.Cr., 373 P.2d 91.

In conclusion, we observe the evidence, although conflicting, amply supports the verdict of the jury, the sentence was the minimum allowed by law, and there is no error in the record that would justify modification or reversal. The judgment and sentence is accordingly affirmed.

NIX, J., concurs.

BRETT, P. J., concurs in results.