**Griffin Vernon DAY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15436.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Griffin Vernon Day, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Omitting to Provide the Necessities of Life for Minor Children; his punishment was fixed at six months imprisonment in the county jail and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Ova Loraine Day married the defendant in 1953 and that eight children were born of the marriage. She testified that the defendant was in jail most of the time since October, 1968, except for the months of January and February of 1969. He earned $800.00 during these two months of which he contributed a total of $115.00 to the support of the children. She testified as to the actual living expenses of the family as being approximately $175.00 to $200.00 per month. The family was living on welfare with no outside help to support the children.

The defendant testified that he made $100.00 per week while he was out of jail and that he had given Mrs. Day about two-thirds of his check.

 The defendant's first proposition asserts that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Williams v. State, Okl.Cr., 373 P.2d 91 (1962).

The defendant's next proposition alleges that the punishment is excessive. We need only observe that the punishment is well within the range provided by law and does not shock the conscience of this Court.

The defendant's last proposition asserts that the trial court erred in admitting evidence of non-support prior to the date of the offense. The Information alleged that the offense occurred on March 7, 1969. The trial court allowed evidence to be introduced as to non-support from October, 1968 through March, 1969. It has long been the law of this State that in child abandonment cases, the offense is a continuing one and evidence is not limited to the date charged nor to the limitations period of three years. Goodart v. State, 65 Okl.Cr. 472, 88 P.2d 911 (1939). We are of the opinion that this holding would apply equally to the offense of omitting to provide. We, therefore, find this proposition to be without merit.

In conclusion, we observe that the record is free of any error which would justify modification or reversal, and are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.