Riley Bradford **WHITE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17876.

Court of Criminal Appeals of Oklahoma.

April 9, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Riley Bradford White, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County, Case No. CRF–71–3082, of Robbery with Firearms and sentenced to thirty (30) years imprisonment. Judgment and sentence was imposed on May 9, 1972, and this appeal perfected therefrom.

It was charged by information that the defendant on December 18, 1971, robbed Rebecca Saltz of approximately $80.00. Rebecca Saltz testified that on December 18, 1971, she was employed at the Time Food Market in Oklahoma City as a checker. At approximately 9:45 p. m. a man entered the store with a gun in his hand and demanded money from her. According to Miss Saltz, he wore a jacket similar to a GI jacket and had light reddish hair.

On motion of defense counsel, a non-jury hearing was held concerning extra judicial identification of the accused. Miss Saltz testified as to her viewings of the defendant at times other than the robbery. She testified that a few days after the robbery she was shown approximately ten photographs and picked out defendant's picture as the robber. She further described to the investigating officers the robber as being about five-six to five-eight in height, with light red hair, about 135 pounds, from 30 to 40, or 30 to 35, years of age, and wearing a jacket with a hood. She had also identified the defendant during the preliminary examination. On cross-examination, Miss Saltz testified that she was able to identify the defendant as the robber because of her recollection of his appearance at the time of the robbery, rather than by any pictures shown to her subsequent to the robbery. Officer Thomasson testified that Miss Saltz gave him a description of the robber shortly after the robbery substantially the same as that to which she had testified to in Court. Officer Thomasson further testified that he had shown Miss Saltz thirteen photographs on December 22 from which she had selected one as the robber. At the conclusion of this non-jury hearing, the trial court found that the witness had based her identification of the defendant on her observations at the time of the robbery and therefore she would be allowed to testify before the jury and identify the robber.

The trial before the jury then continued with Miss Saltz identifying the defendant in court as the robber. She further related that the defendant took from her at gunpoint approximately $80.00. According to Miss Saltz the robbery lasted approximately four minutes and after the defendant left, she called the police.

On appeal defense counsel urges that the evidence is insufficient to support the verdict and that the punishment is excessive.

■ It is apparent that there was competent evidence from which the jury could conclude that the defendant was guilty as charged. It is a familiar rule that where there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty as charged, this court on appeal will not interfere with the verdict, even though there is a sharp conflict in the evidence and different in-

**184**

ferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence to determine the facts. Williams v. State, Okl.Cr., 373 P.2d 91 (1962). However, in the instant case there are no sharp conflicts in the evidence. Accordingly we conclude that the evidence was more than sufficient to support the verdict.

As to the punishment, the sentence of thirty years imprisonment is well within the range provided by statute 21 O.S.1971, § 801. Defendant does not cite, nor do we find, any errors or misconduct during the course of the trial which might have caused the jury to be inflamed and thereby render an excessive sentence. We find no basis for modification.

Although not raised on appeal, we are satisfied the identification procedure satisfies the requirements of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

Finding no reason to the contrary, we conclude that the judgment and sentence should be and the same is hereby affirmed.

BLISS, P. J., and BUSSEY, J., concurs.