**Mark Allen BUSBY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–401.**

Court of Criminal Appeals of Oklahoma.

April 5, 1974.

## OPINION

BLISS, Presiding Judge:

The appellant, Mark Allen Busby, hereinafter referred to as defendant, was charged by Information with the crime of Burglary in the Second Degree After a Former Conviction of a Felony in the District Court of Oklahoma County, Oklahoma. The cause was tried before a jury which returned a verdict of guilty as charged and, after the second stage of the proceeding, assessed punishment at ten (10) years in the state penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

The State first called Urban C. Shortt who testified that on Saturday, December 17, 1972, he was a pharmacist at a local pharmacy in Oklahoma City. At 6:00 p. m. he locked the store and went home. The following Monday he arrived at the store at about 8:50 a. m., noticed the glass broken out of the door and a policeman inside. Shortt further testified that his narcotics case was gone and money was missing from the cash register.

Officer Bill Pittenridge of the Oklahoma City Police Department testified that he went to the pharmacy at approximately 7:30 a. m. on the morning of the 19th of December to investigate a burglary. He found the lower half of the door glass on the front door broken out and crawled inside the building. Soon thereafter Mr. Shortt arrived. The officer subsequently discovered a small cabinet lying on a creek bank northwest of the pharmacy which Shortt identified as his narcotics cabinet.

Officer Don Cravens then testified that he was a fingerprint technician and that he lifted a palm print and fingerprints from the narcotics cabinet.

Officer John Hill testified that he took fingerprints of the defendant that matched the prints taken from the drug cabinet. The State then called Officer John Arnold who stated that he interrogated the defendant in the Oklahoma County jail on January 16, 1973, and that the defendant, after

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

being given his Miranda warning, admitted participating in the burglary.

Officer Troy Withey then testified that he interrogated the defendant in the city jail on the 5th day of January, 1973, that he was advised of his Miranda rights, and then executed a written waiver of same. The defendant then admitted burglarizing the pharmacy.

The State then rested with reference to the first stage of the proceedings, and the defendant offered no evidence on his own behalf. The jury subsequently returned a verdict finding the defendant guilty of burglary in the second degree.

The State then called Joe Mark El Kouri, Deputy Court Clerk in and for Oklahoma County, Oklahoma, who testified concerning the records of a certain criminal case filed in Oklahoma County, Oklahoma. The witness identified a certified copy of a final Judgment and Sentence wherein one Mark Allen Busby entered a plea of guilty to a charge of unauthorized use of a motor vehicle. Officer Ronald F. King then testified the defendant as the Mark Allen Busby who entered said plea of guilty. The State then rested and the defendant introduced no testimony on his own behalf.

■ The defendant's first proposition in error urges that the State failed to introduce sufficient evidence to support a verdict of guilty. With this contention we cannot agree. A complete reading of the record reflects that the State introduced sufficient evidence to prove a prima facie case in both stages of the proceeding. As this Court has held on many occasions where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict as it is the exclusive province of the jury to weigh the evidence and determine the facts. See Williams v. State, Okl.Cr., 373 P.2d 91.

■ The defendant next urges that the punishment assessed by the jury was ex-

cessive. We do not agree. The defendant was found guilty of burglary in the second degree after a former conviction of a felony and assessed the mimimum sentence under the law. Such a sentence does not shock the conscience of this Court. Clouse. v. State, Okl.Cr., 389 P.2d 1002.

■ The defendant's last contention argues that there was an unauthorized communication by the bailiff to the jury which violated a substantial right of the defendant. The record reflects that after the jury returned the verdict and was polled, the defendant objected that the verdict did not say where the sentence would be served. The trial court sent the jury back to "let the foreman correct the verdict." The bailiff testified that the following then occurred:

"Q. In the hallway, between the jury box and the jury deliberation room, did you have a conversation with the foreman of the jury?

"A. Yes, sir.

"Q. What was the nature of your conversation?

"A. He asked me a question.

"Q. What was the question?

"A. He said, 'What should I put?'

"Q. What was your answer?

"A. Penitentiary.

"Q. You did have that conversation?

"A. Yes, sir."

The foreman then corrected the verdict to reflect that the sentence of ten (10) years was to be served in the "Penitentiary."

In this particular case no substantial right of the defendant was prejudiced by the unauthorized communication of the bailiff with the foreman. The jury had finished the first phase of the proceeding and had found the defendant guilty of burglary in the second degree. The jury then undertook deliberations concerning the second phase and returned a verdict as follows:

"We, the jury * * *, do upon our oaths find the defendant guilty of bur-

glary in the second degree after former conviction of felony and fix his punishment as follows: 10 years."

Any presumption of prejudice is rebutted by the record itself. The defendant in his brief admits no prejudice occurred and we agree. Therefore, defendant's last proposition in error is without merit.

From a consideration of the record as a whole, we do not find that the defendant has been deprived of any substantial rights or that fundamental error has occurred. The issues were fairly presented to the jury, and the defendant received a fair and impartial trial. The verdict and judgment appealed from is, accordingly, affirmed.

BRETT, J. concurs in result.

BUSSEY, J. concurs.