**David Michael COLLINS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–291.**

Court of Criminal Appeals of Oklahoma.

June 28, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

The appellant, David Michael Collins, hereinafter referred to as defendant, was charged, tried before a jury, and convicted in the District Court of Oklahoma County, Oklahoma, Case No. CRF–73–1407, of the crime of Rape First Degree. Punishment was assessed at a term of ten (10) years in the state penitentiary, and from said judgment and sentence the defendant has perfected a timely appeal.

As recited in the defendant's brief, the evidence presented at trial is as follows: Betty June Garman testified that on May 18, 1973, she was employed at Western Electric Co. in Oklahoma City. She got off work the morning of the 19th at 12:30 a. m. and drove to the Fire House Lounge where she expected to meet a friend, Bertha Bearden. While waiting, she was approached by defendant, whom she knew and who was Mrs. Bearden's son-in-law. Mrs. Garman and defendant discussed family affairs and soon he asked her to go out for a beer. She got in his car on the passenger side and he subsequently drove the car west on N.W. 10th saying he was going to a filling station, but continued un-

til he came to a dead end on Rockwell. Mrs. Garman asked to be taken back but defendant persisted in trying to talk about his family problems. Defendant then commenced to struggle with her; he struck her with his fist, removed her clothes from the waist down and raped her, achieving penetration but not climax. She started honking the horn, finally pulled a small knife from her purse and threatened him. Eventually he drove her back to the Fire House Lounge, where she got in her own car and went home. Police were called, and she went to a doctor for examination.

Dr. Joe Reynolds testified that he examined Mrs. Garman at Deaconess Hospital early on May 19. Her left eye was black, there were abrasions on her face, lip, backbone, and a large bruise on her right upper inner leg. A pelvic examination showed a red area on the vulva but was otherwise normal.

Officer Robert Thompson of the Oklahoma City Police Department testified that he talked to defendant about 8:00 a. m. on May 19 in the city jail, first giving the Miranda warning. Defendant told Thompson that he and Mrs. Garman left the Fire House Lounge that night at her request and drove around, finally stopping at the dead end of Rockwell, where she tried to entice him into sexual intercourse. He refused, whereupon she started honking the horn and he hit her in the face to try to stop her. At an interview the next day defendant told Thompson he had not told the entire truth the day before; that he had had intercourse with Mrs. Garman by her consent. Thompson then took defendant to Officer Divine to be given a lie detector test. Thompson heard defendant answer questions put by Divine, the substance of which was that defendant admitted having forcibly raped her.

Officer Howard Divine of the Oklahoma City Police Department testified that he was a polygraph examiner and undertook to give defendant such an examination on May 21, first giving the Miranda warning and obtaining a polygraph request and waiver. However, the test was never given because Thompson decided it was not necessary.

Defendant did not testify nor offer evidence in his behalf.

■ The defendant's first proposittion in error urges essentially that the State failed to introduce sufficient evidence to support a verdict of guilty. With this contention we cannot agree. A complete reading of the record reflects that the State introduced sufficient evidence to prove a prima facie case of rape in the first degree. As this Court has held on many occasions, where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict as it is the exclusive province of the jury to weigh the evidence and determine the facts. See Williams v. State, Okl.Cr., 373 P.2d 91.

■ The defendant's last contention urges that the punishment assessed by the jury was excessive and, therefore, should be modified by the Court. Again, we cannot agree. The Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. In the instant case we do not so find.

Therefore, for the reasons set out above, the judgment and sentence should be, and the same is hereby, affirmed.

BRETT and BUSSEY, JJ., concur.