**Ladale Marie HAWKINS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–14.**

Court of Criminal Appeals of Oklahoma.

Feb. 18, 1975.

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David K. McCurdy, Legal Intern, for appellee.

OPINION

PER CURIAM:

Appellant, Ladale Marie Hawkins, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–1267, for the offense of Murder, in violation of 21 O.S.1971, § 701. The jury recommended, and the Court imposed, a sentence of Life Imprisonment. From said judgment and sentence, a timely appeal has been perfected to this Court.

Defendant's conviction arose from the shooting death of her ex-husband, Joe Louis Hawkins, Sr., in the early morning hours of May 6, 1973, at the Twilight Zone Cafe, in Oklahoma City. Briefly stated, the State's evidence consisted of the testimony of several police officers, an eyewitness to the shooting, and an intern at University Hospital, who pronounced deceased dead on arrival on the morning in question. Officer Tom Bevel testified as to several photographs he took at the Twilight Zone Cafe, which were introduced into evidence at trial. Officer McCafferty testified that upon being called to the scene, he observed deceased's body lying on the cafe floor, with defendant hysterically holding it on

the floor. He further stated that, after being given her Miranda rights, defendant admitted shooting deceased, whom she said ". . . was not a good man and deserved to die." (Tr. 43) Detective Thompson then testified as to a written statement taken from defendant in which she again admitted shooting deceased during an argument over who was to pay for some sandwiches. The eyewitness, Leora Combs, was working at the cafe at the time of the shooting. She stated that after an argument over who was to pay for the sandwiches, defendant took a pistol from her purse, shot the deceased once, and then walked over and emptied the gun into him as he lay on the floor. The witness also testified that she heard deceased tell defendant to "get up and get out of here, he said he would kill her, shoot her and turn around and kill his self." (Tr. 31) After the shooting, defendant told the witness to call the police. The University Hospital intern, Ann McAdams, testified that she examined deceased's body on arrival at the emergency room, and that she observed eye, neck, and shoulder gunshot wounds.

Defendant produced eight witnesses, the first of whom was defendant herself. She testified that the deceased had beaten and abused her numerous times before and after their divorce, and that she had lost jobs several times because he had provoked incidents at her places of employment. She also stated that she had been blinded in one eye when deceased hit her with a ring. On the night in question, defendant testified that deceased had beaten her before going to the cafe, and had threatened to kill her and then himself when they were in the cafe. Afraid that he meant to carry out his threat, defendant shot him but did not intend to kill him. She remembered shooting him only once. The other seven witnesses for the defense included one of defendant's former employers, several members of her family, and others who had either seen defendant and deceased

fighting or arguing, or knew of deceased's reputation in the community as a wife-beater. In rebuttal, the State and defendant stipulated that deceased had been an honorably discharged veteran.

On appeal, defendant raises only two assignments of error, the first of which is the question of the sufficiency of the evidence. Suffice it to say that the evidence was conclusive as to defendant's guilt, and cannot be disturbed on appeal. As we said in Williams v. State, Okl.Cr., 373 P.2d 91:

> "Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

We thus dismiss the defendant's first proposition.

■ In her second assignment of error, defendant raises the allegation that the punishment imposed, life imprisonment, was excessive. Again we must dismiss defendant's contention, as we do not find, after examining the record and transcript, that the instant sentence shocks the conscience of the Court. See Clouse v. State, Okl.Cr., 389 P.2d 1002, wherein we stated:

> "The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court."

For all of the above and foregoing reasons, the judgment and sentence appealed from is hereby affirmed.