**Tommy HOOPER, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–176.**

Court of Criminal Appeals of Oklahoma.

June 3, 1975.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BLISS, Judge.

Appellant, Tommy Hooper, Jr., hereinafter referred to as defendant, was charged, tried and convicted by a jury in the District Court of Oklahoma County, Oklahoma, case number CRF–74–2829, for the crime of Manslaughter First Degree. The defendant's sentence was fixed at a term of twenty-five (25) years in the state penitentiary, and from said judgment and sentence the defendant has perfected his timely appeal.

The evidence adduced at trial is essentially as follows: Officer Bill Smith, of the Oklahoma City Police Department, testified that on August 21, 1974, he answered a call to a residence in Oklahoma City, arriving within a minute of the call. Inside the residence he saw defendant, holding a pistol, standing straddled over the body of James Cavers, who had a bullet wound in his chest. Defendant handed over the pistol to officers, who found it contained five live rounds and one spent shell. Defendant was given the Miranda warning and told officers he shot because Cavers was threatening him with a knife. The officers found no knife in the room.

Robert R. Lester testified that he was a field agent for the State Medical Examiner. He viewed the body of Cavers at 1:02 a. m. at University Hospital on August 21, 1974, and saw a gunshot wound in the left chest.

Officer Bill Harrison testified that on August 21, 1974, he removed Cavers' personal property at the University Hospital and found only three wallets. He then went to the scene of the crime, searched and found no knife.

Ora Alexander testified that she lived at the residence and on August 21, 1974, she was sitting on the divan; and as James Cavers sat down beside her, the defendant appeared in a doorway and shot Cavers in the chest. She noticed no gestures or conversation between defendant and Cavers.

William Finley testified that he was in the room where the shooting occurred on August 21, 1974. Cavers was sitting there and asked defendant for fifty cents that was owed him and defendant paid. Nothing was said; defendant "just kept coming through, in and out", and shot Cavers. All had been drinking beer and defendant told Finley to call police, which he did.

Dr. Fred Jordan testified that he was a medical examiner for the state and performed an autopsy on the body of James Cavers on August 21, 1974. The cause of death was a gunshot wound to the chest.

Defendant testified that he lived at the residence and on the Sunday prior to the shooting defendant paid Cavers fifty cents which was owed. The following Monday Cavers again demanded the fifty cents and defendant replied "Man, I just paid that fifty cents yesterday." Cavers got quiet and defendant went to bed. The next evening on August 21, as defendant went in the house, Cavers started calling him names and walked up behind defendant with an indian scalping knife in his hand, whereupon defendant shot him. Defendant further testified that on an earlier occasion Cavers had pulled a knife and threatened him. Alexander and Finley had been drinking, but defendant had not.

In rebuttal, Officer Harrison testified that defendant told him that just before the shooting Cavers approached with his hand in his pocket and defendant thought he had a knife, but did not actually see one. Officer Smith testified that on the night of August 21, he saw Ora Alexander, William Finley and defendant. All had been drinking, but were not drunk.

■ An examination of the record reflects that the jury was justified in finding that the defendant committed the crime as charged. No substantial right of the defendant has been violated and he received a fair and impartial trial before a jury. This Court has held on many occasions that where there is competent evidence in the record from which a jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences might be drawn therefrom. Williams v. State, Okl. Cr., 373 P.2d 91.

■ Concerning the punishment assessed by the jury, it cannot be said that same was excessive. The defendant was assessed a sentence within the limits prescribed by law and this Court cannot conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Clouse v. State, Okl.Cr., 389 P.2d 1002.

It is therefore the opinion of this Court that the judgment and sentence appealed from should be, and the same is hereby affirmed.

BRETT, P. J., concurs in results.

BUSSEY, J., concurs.