Douglas Wayne HILL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-74-130.

Court of Criminal Appeals of Oklahoma.

May 20, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Douglas Wayne Hill, hereinafter referred to as defendant, was charged, tried, and convicted by a jury in a two stage proceeding in the District Court, Oklahoma County, Oklahoma, Case Number CRF–72–2757, for the crime of Perjury After Former Conviction of a Felony. The defendant's sentence was fixed at a term of ten (10) years imprisonment in the state penitentiary, and from said judgment and sentence the defendant has perfected his timely appeal.

The evidence adduced at trial is as follows: Harry Hurst testified that on April 14, 1972, he was employed at Baptist Memorial Hospital. As he arrived in the parking lot about 5:55 a. m. on said morning, he heard a noise and saw two black men moving back and forth between two automobiles with articles in their hands and apparently "stripping the car." He notified a security guard who arrested both men. The witness made an in-court identification of the defendant as being one of said men.

Carey Mills testified that on said date he was a security guard for said hospital. About 5:45 a. m. his attention was directed to two blacks in the parking lot who "appeared to be stripping cars." As he approached, they got in a car and tried to flee. After the arrest, they were identified as the defendant and one Leon W. Henderson.

Sam Sealey, an Oklahoma City Police Officer, testified that at about 6:00 a. m. on the morning in question he found the defendant and Leon Henderson in custody of the security guard. He estimated that eight automobiles had been burglarized in the parking lot.

Officer Troy Whitney then testified that he interrogated the defendant at the Oklahoma City Jail on the 14th of April after first giving the defendant his Miranda warnings. The defendant told Whitney that he and Leon Henderson had committed four or five car burglaries on the East side of Oklahoma City before going to Baptist Hospital where they then burglarized other cars. He stated that Henderson would go up to the car and make entrance and hand merchandise out to him. Whitney then testified that he attended the trial of Leon William Henderson in the Court of Judge William S. Myers, Jr., on the 19th of October, 1972, and that the defendant at that trial was the same Henderson that he investigated in connection with the Baptist Hospital burglaries.

Marion E. Jordan testified that she was a court reporter and reported the trial of Leon William Henderson in the Court of Judge William S. Myers, Jr. on October 17, 18, and 19, 1972. Under oath the defendant Hill testified as follows:

"Q: Now, Mr. Hill, when you got to the Baptist parking lot, what did you do?

"A: Well, I parked my car and I got out and walked around a little bit and looked for some cars that had some tape players in there.

"Q: You looked for some cars with some tape recorders in them?

"A: Yes.

"Q: Did Mr. Henderson get out of the car?

"A: No, he was passed out at that time.

"Q: He passed out in the car? Is that your testimony?

"A: Yes."

Officer Jim Burrow then testified that he was at the Baptist Hospital on the 14th of April and saw the defendant and Leon William Henderson under arrest. The latter was the same Henderson as was tried in October, 1972, and defendant was called as a witness at that trial. The State then rested.

The defendant testifying in his own behalf stated that he and Leon Henderson went to Baptist Memorial Hospital about 5:00 a. m. on April 14. Defendant got out of his car to burglarize some cars, leaving Henderson in defendant's vehicle. De-

fendant went off by himself and returned some twenty or thirty minutes later. Henderson was in defendant's car in the front seat "in the reclining position." Defendant denied swearing to any falsehoods in Henderson's trial, and admitted having a conversation with Henderson in the back of the police car after they were arrested.

On rebuttal the State recalled Officer Burrow who testified that he had a tape recorder hidden in his police car and that it picked up the conversation between Henderson and the defendant. Burrow testified that the recording reflected no conversation about anyone having been passed out at the time of the burglaries.

Ms. Marti Hirst then testified that she was the prosecuting attorney in the Leon William Henderson trial in October, 1972, that she called the defendant as a witness, and that before taking the stand she advised the defendant she expected him to tell the truth. The former convictions were stipulated to by the parties.

██ An examination of the record reflects that the jury was justified in finding that the defendant committed perjury when he testified at the Henderson trial concerning Henderson's not being out of the vehicle and having passed out. No substantial right of the defendant has been violated and he received a fair and impartial trial before a jury. This Court has held on many occasions that where there is competent evidence in the record from which a jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom. Williams v. State, Okl.Cr., 373 P.2d 91.

██ Concerning the punishment assessed by the jury, it cannot be said that same was excessive. The defendant was assessed the minimum sentence under the law and this Court cannot conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Clouse v. State, Okl.Cr., 389 P.2d 1002.

It is, therefore, the opinion of this Court that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT and BUSSEY, JJ., concur.