Artura Winifred **HAMILTON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–270.

Court of Criminal Appeals of Oklahoma.

July 22, 1974.

Rehearing Denied July 31, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Artura Winifred Hamilton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, for the crime of Rape in the First Degree. His punishment was fixed at twenty (20) years imprisonment in the State penitentiary, and from said judgment and sentence this timely appeal has been perfected to this Court.

Defendant's first proposition contends that the verdict was not supported by sufficient evidence. A summary of the evidence presented by the State shows that at approximately 10:00 on the evening of July 21, 1973, the complaining witness was preparing to leave the parking lot of the Greek's Club located at 23rd and Broadway in Oklahoma City, Oklahoma, in her roommate's car when a dark colored Volkswagen parked beside her. Suddenly she was struck on the head by something like a fist and a man she identified as the defendant shoved her over, got in the driver's seat and put a bag over her head. Holding a metallic object which she believed was a gun to her head, the defendant threatened to kill her if she screamed and then drove her to a secluded area on Northeast 8th Street where he raped her twice. She observed that the defendant was wearing black slacks, a black shirt and a black, white and red crocheted cap and she identified these articles as State's Exhibits 2, 3 and 4.

When the defendant left the scene on foot the complaining witness went to a nearby house and called the police. She advised the police of the circumstances of the incident and gave them a description of the defendant. Receiving a radio call concerning the incident, Officer Hoklotubbe of the Oklahoma City Police Department went to the location of 23rd and Broadway where he found a parked dark red Volkswagen square back sedan. In the glove compartment of the car he found papers relating to one Linda Bell and to the defendant. The officer then went to the Northeast 8th Street location and showed the victim photographs of four or five persons of the same general description as the defendant and from these photographs she identified the defendant as being her assailant. She was then taken to St. Anthony's Hospital for examination and treatment and while she waited in the emergency room she looked out and saw the defendant outside. The police were advised and the defendant was arrested just around the corner from St. Anthony's Hospital.

The State's Exhibit 1, a jack handle, was found in the back seat of the car in which the rape occurred and testimony revealed that no jack handle had been in the car prior to the assault. Medical testimony revealed that tests performed subsequent to the incident showed that sperm found in the complaining witness' vagina indicated that sexual intercourse had taken place within 12 to 24 hours before the examination.

Linda Bell testified that at approximately 9:45 on the evening in question she loaned the defendant her dark red 1967 Volkswagen square back sedan and that she later received the car from police impoundment.

The defendant testified on his own behalf and denied raping the complaining witness. He testified that he had not been in the area of 23rd and Broadway on the evening in question stating that he had borrowed Linda Bell's Volkswagen and had gone to a cafe located at 6th and Broadway where he parked the car. He went in the cafe to eat supper and later discovered that the car was missing. Believing it had been stolen by an acquaintance he began a search on foot for the automobile and while walking in the vicinity of St. Anthony's Hospital he was arrested by the police. The defendant identified State's Exhibits 2, 3 and 4 as the clothing he had been wearing that evening.

From the foregoing recitation of facts it is our opinion that the record discloses sufficient competent evidence from

which the jury could reasonably conclude that the defendant was guilty as charged. This being so, the Court of Criminal Appeals will not interfere with the verdict as it is the exclusive province of the jury to weigh the evidence and determine the facts. See Williams v. State, Okl.Cr., 373 P.2d 91 (1962).

The defendant's second proposition asserts that the punishment is excessive. This Court will not modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of this Court. See Roberts v. State, Okl.Cr., 473 P.2d 264 (1970). The sentence imposed in this case is well within the range provided by law and does not shock the conscience of this Court.

Finding no error sufficient to justify modification or reversal, it is therefore our opinion that the judgment and sentence appealed from should be, and the same hereby are, affirmed.

BLISS, P. J., and BRETT, J., concur.